## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GALDERMA LABORATORIES, L.P. <br> and GALDERMA S.A., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 18-1892-JDW-CJB |
| v. | ) | |
| | ) | |
| MEDINTER US LLC, MEDINTER LTD. <br> UK, MEDINTER LTD. BVI, MEDGRAFT <br> MICROTECH, INC., ANGEL BARRAZA <br> Y DEL TORO, and BRENDA J. <br> FARRINGTON, | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendants. | ) | |

### <u>INDIVIDUAL DEFENDANTS' LETTER BRIEF IN RESPONSE</u>

**BERGER HARRIS LLP**

John G. Harris, Esq. (No. 4017)
Zachary J. Schnapp, Esq. (No. 6914)
1105 N. Market St., 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 655-1140
jharris@bergerharris.com
zschnapp@bergerharris.com

*Attorneys for Individual Defendants*
*Dr. Brenda J. Farrington and*
*Angel Barraza y del Toro*

Dated: May 24, 2023
Wilmington, Delaware

Dear Judge Burke:

Defendants Brenda J. Farrington and Angel Barraza y del Toro ("Individual Defendants") hereby respond, pursuant to the Court's Oral Order of May 10, 2023 (D.I. 428), to plaintiffs Galderma Laboratories, L.P. and Galderma, S.A.'s ("Plaintiffs") motion to compel and for a scheduling order and corresponding letter submission ("PLS") (D.I. 430), as follows:

## BACKGROUND

This action commenced on November 29, 2018. (D.I. 1.) Over four years later, on December 6, 2022, Plaintiffs filed their Fourth Amended Complaint ("FAC"), joining Individual Defendants for the first time. (D.I. 353.) They were served with the FAC on January 25, 2023. (*See* D.I. 384.) Counsel entered their appearance on February 1, 2023. (D.I. 389.)

On February 23, 2023, the Court entered an Oral Order permitting, *inter alia*, Plaintiffs to propound written discovery on Individual Defendants (D.I. 394), which Plaintiffs served on February 28, 2023. (D.I. 397.)

On March 8, 2023, Farrington and Barraza each moved to dismiss in part the FAC (D.I. 398–400, 402–03.) Although their respective motions to dismiss were pending, Individual Defendants volunteered to participate in paper and written discovery.

On March 30, 2023, Individual Defendants timely served their responses and objections to Plaintiffs' interrogatories and requests for production. (D.I. 410.)

On April 14, 2023, Plaintiffs issued a letter (the "April 14 Letter") raising perceived discovery deficiencies. PLS, Ex. H. At the same time, Plaintiffs proposed a meet and confer for April 18, 2023 – the day before the due date for Individual Defendants' respective reply briefs in further support of their motions to dismiss. PLS, EX. I, p. 6. Given this, Individual Defendants proposed setting the meet and confer for April 20 or 21, 2023. *Id.* at 5. Plaintiffs declined both dates, proposing instead April 24 or 25, 2023. *Id.* Individual Defendants initially agreed to the April 24th date, but subsequently had to move that date due to a scheduling conflict in an expedited case in the Court of Chancery. Individual Defendants then proposed setting the meet and confer on April 26 or 27, 2023. *Id.* Plaintiffs selected the later date, April 27, 2023. *Id.*

The meet and confer went ahead on April 27, as scheduled, and lasted over an hour. The next day, in furtherance of the meet and confer, and as a gesture of good faith, Individual Defendants committed to producing responsive documents on a rolling basis. Less than two weeks later, on May 9, 2023, Plaintiff filed their motion to compel. (D.I. 427.) Their supporting letter brief followed on May 17, 2023. (D.I. 430.)

## I.    Individual Defendants Have Been Taking And Are Continuing To Take Reasonable Efforts To Complete Fulsome Discovery.

Plaintiffs say they have taken "painstaking efforts to obtain basic financial information" *since October 2019* (PLS, at 1) (emphasis added). Even if that were true, Plaintiffs' frustration is misplaced. Individual Defendants' first and only set of discovery responses were less than two months ago, on March 30, 2023. And Individual Defendants timely served their responses and objections. They have lived up to their commitment to produce discovery documents on a rolling basis, having delivered their first production on May 17, 2023 and a second production less than a week later, on May 23, 2023.

Plaintiffs also charge that Individual Defendants have taken "no steps . . . to obtain responsive documents." PLS, at 1. No so. In fact, at numerous times during the April 27 meet and confer, counsel for Individual Defendants indicated that Individual Defendants were already in the process of collecting responsive documents, including documents maintained by foreign banks in Spain. Individual Defendants set these efforts in motion even though a protective order applicable to them was not yet in effect.

On May 4, 2023, in keeping with counsel's representation at the April 27 meet and confer, Individual Defendants served a letter upon Plaintiffs which explains that



To date, Individual Defendants have produced several hundreds of pages of documents, all of which are responsive and non-duplicative. The May 17th production consists of ▮▮▮▮▮▮ The May 23rd production includes more ▮▮▮▮▮

In short, discovery concerning Individual Defendants only began on February 28, 2023. It is mid-May 2023. During that time, Individual Defendants have not refused to provide or otherwise withhold discovery on any basis and, in fact, have timely responded to interrogatories and document requests and have produced several hundreds of pages of responsive documents. There is no discovery cut-off date currently scheduled, there is no exigency, the motions to dismiss remain pending, and there is no risk of prejudice to the Plaintiffs. Furthermore, Individual Defendants should not be blamed for delays predating their joinder as parties in this action. Accordingly, there is no need for the Court's involvement.

## II. Individual Defendants' Discovery Responses Satisfy Their Obligations.

### A. Individual Defendants' Interrogatory Responses Were Not Deficient.

**ROGs 1-3**—Plaintiffs suggest that responses to ROGs 1-3 are "deficient because they fail to identify any specific payments, amounts, recipients, or reasons for payments, and related information as requested in each interrogatory" and instead provide "high-level and general" information. PLS, at 2. Individual Defendants disagree. With respect to Farrington's answers to ROGs 1-3, each is responsive to the interrogatory asked. Farrington's answer to ROG 2 is purely substantive. And Farrington's responses to ROGs 1-3 contain no refusals to providing or withholding responsive information on any basis. Barraza' answers to ROGs 1-2 are purely substantive and replete of specific objections. Farrington and Barraza each offered to meet and confer on ROG 3, which the parties did, and counsel took Plaintiffs' position under advisement. Without prejudice, and strictly for the purpose of compromise, Individual Defendants will supplement their respective responses to ROGs 1-3. Supplementation may come in the form of identifying documents under Rule 33(d)(1).

**ROG 4**—Plaintiffs state that Farrington's response to ROG 4 is "deficient because she failed to address payments received from Medinter Ltd. BVI and fails to provide responsive information, instead simply noting that she provided documentation to her former counsel, 'but does not know one way or the other as to whether they were produced.'"   PLS, at 3.   Despite Plaintiffs' protestation, Farrington's response to ROG 4 is both responsive and purely substantive and provides facts specific to names, dates, and places.   As for Barraza's response, Plaintiffs' only raised contention is that Barraza's statement that he ████████████████████████ ████████████████████████   But Barraza *does* answer ROG 4.  The above-quoted statement is only the first sentence of Barraza's two-paragraph response.  Furthermore, like Farrington, Barraza's answer to ROG 4 is purely substantive.  Without prejudice, and strictly for the purpose of compromise, Individual Defendants will supplement their respective response to ROG 4. Supplementation may come in the form of identifying documents under Rule 33(d)(1).

**ROG 5**—Plaintiffs allege that Farrington and Barraza do not to answer ROG 5 because ████ ████████████████████████████████   But Farrington and Barraza's respective responses to ROG 5 are responsive and purely substantive.  To the extent that Individual Defendants determine that supplementation of their responses to ROG 5 should be made, such supplementation may come in the form of identifying documents under Rule 33(d)(1).

**ROG 6**—Plaintiffs allege that Farrington and Barraza fail to respond to ROG 6.  PLS, at 3. However, each Individual Defendant objected to this interrogatory on the basis of, among other things, the temporal scope. Farrington and Barraza each offered to meet and confer on ROG 6, which the parties did. During the meet and confer, Plaintiffs agreed to limit the scope of ROG 6; which agreement they memorialize in their letter of April 28, 2023.  PLS, Ex. J, p.3 ("As discussed during the meet and confer, Plaintiffs are willing to limit these requests temporally from Jan. 1, 2000 to the present").  Without prejudice, Individual Defendants will supplement their responses to ROG 6 in accordance with Plaintiffs' limitation of the temporal scope of that interrogatory. Supplementation may come in the form of identifying documents under Rule 33(d)(1).

**ROG 7**—Plaintiffs argue that Individual Defendants' responses to ROG 7 were incomplete because they allege Defendants' objection to the term "personal use" as vague was not further substantiated during the meet and confer. PLS, at 3. Without prejudice, and strictly for the purpose of compromise, Individual Defendants will supplement their respective responses to ROG 7. Supplementation may come in the form of identifying documents under Rule 33(d)(1).

**ROG 8**—Plaintiffs argue that neither Farrington nor Barraza's responses to ROG 8 are "actually responsive to the information requested." PLS, at 3.  But Farrington and Barraza provide specific information in their respective responses.  Furthermore Individual Defendants do not refuse to provide or withhold responsive information on any basis.  Without prejudice, and strictly for the purpose of compromise, Individual Defendants will supplement their respective responses to ROG 8.  Supplementation may come in the form of identifying documents under Rule 33(d)(1).

### B.    Individual Defendants' Responses To The RFPs Were Not Deficient.

Plaintiffs' argument as to RFPs is factually incongruent and legally moot.  Individual Defendants committed on May 4, 2023 to rolling production of documents. Since then, Individual Defendants have made two productions of responsive documents, the most recent of which was made yesterday, May 23, 2023.  These productions include ████████████████████████



Thus, Plaintiffs' raised concerns as to the requests for production are of no moment.

III.   **Plaintiffs' Proposed Case Schedule is Unnecessarily Compressed for an Un-expedited Case and Given the Current State of Play.**

On April 28, 2023, Plaintiffs proposed a case schedule that contemplates a discovery cut off of July 14, 2023 and due date for opening briefs in support of case dispositive motions of August 16, 2023.  PLS, Ex. J.  By letter of May 4, 2023, counsel for Individual Defendants informed Plaintiffs that their proposed schedule was unreasonable for the following reasons: "This case was pending for years before Individual Defendants were joined; no discovery cutoff date is in place; no trial dates are calendared; the Individual Defendants' respective motions to dismiss await decision; and the Patents-In-Suit are expired."  PLS, Ex. K.

Furthermore, Individual Defendants have not yet responded to the allegations made in the FAC as to individual acts of infringement.  The partial motions to dismiss seek dismissal of the inadequately pled veil-piercing claims.  Individual Defendants' obligations to respond to the remaining claims not subject to the motions are suspended until after the motions are decided.  *See* Fed. R. Civ. P. 12(a)(4).  *See also Moore v. Carson*, 2017 WL 1750248, at *3 (D.D.C. May 3, 2017); *Maass v. Lee*, 189 F. Supp. 3d 581, 587 (E.D. Va. 2016).

Despite the lack of exigencies or prejudice, the pendency of the motions to dismiss, and Individual Defendants' suspended obligations to respond to the remaining claims and allegations not subject to the motions to dismiss, Plaintiffs have doubled-down on their request of an unnecessarily condensed case schedule.  They request a discovery cut off of July 26, 2023 (as opposed to their earlier proposal of July 14, 2023) and for case dispositive motions to be due by August 25, 2023 (as opposed to their earlier proposal of August 16, 2023).  PLS, Ex. A.

Plaintiffs' proposed schedule should be rejected.

IV.   **Individual Defendants Intend To Opposing the Entry of Default Judgment Against The Entity Defendants.**

Plaintiffs contend that Individual Defendants lack standing to oppose default judgment PLS, at 4.  They are wrong.  *See, e.g., Philadelphia Indem. Ins. Co. v. Pro. Sec. Assocs., Inc.*, 2018 WL 1582292, at *3–4 (E.D.N.Y. Mar. 30, 2018).  Accordingly, the Individual Defendants intend to oppose the forthcoming motion for default judgment and reserve all rights in accordance with the same.

**BERGER HARRIS LLP**

*/s/ John G. Harris*
John G. Harris, Esq. (No. 4017)

*Attorneys for Individual Defendants*
*Dr. Brenda J. Farrington and*
*Angel Barraza y del Toro*

cc:     All counsel of record