IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GALDERMA LABORATORIES, L.P. and GALDERMA S.A., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MEDINTER US LLC, MEDINTER LTD. UK, MEDINTER LTD. BVI, MEDGRAFT MICROTECH, INC., ANGEL BARRAZA Y DEL TORO, and  BRENDA J. FARRINGTON, | ) ) ) ) ) | C.A. No.  18-1892 (JDW)(CJB)  REDACTED - PUBLIC VERSION |
| Defendants. | ) ) ) | |

## PLAINTIFFS' LETTER BRIEF

OF COUNSEL:

MAYER BROWN LLP
Joseph A. Mahoney
Ryan P. Regan
Cecilia G. Rambarat
300 South Tryon Street
Suite 1800
Charlotte, NC 28202
(704) 444-3500

MAYER BROWN LLP
Erick J. Palmer
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

MAYER BROWN LLP
B. Clayton McCraw
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Plaintiffs Galderma Laboratories L.P. and Galderma S.A.*

Original filing date: May 17, 2023
Redacted filing date: June 29, 2023

Dear Judge Burke:

Pursuant to the Court's Oral Order (D.I. 428; *see also* D.I. 427), Plaintiffs respectfully request that the Court (1) compel Defendants Brenda J. Farrington ("Farrington") and Angel Barraza y del Toro ("Barraza") (the "Individual Defendants") to meaningfully and completely respond to Plaintiffs' discovery requests, and (2) enter a schedule for the remainder of the case. Plaintiffs also respectfully seek guidance from the Court on the issue of default judgment against the now-defaulted Medinter entities. (D.I. 426.) A proposed order and case schedule is attached hereto. (Ex. A.)

## I. Plaintiffs' Diligent Efforts to Obtain Court-Ordered Discovery

Since October 2019, Plaintiffs have undertaken painstaking efforts to obtain basic financial information in this case. (*See* D.I. 346 at 1.) After deposition testimony and financial information provided in 2022 indicated that the Individual Defendants were siphoning funds and using the Medinter entities as an alter ego, as well as committing personal acts of infringement, Plaintiffs sought leave to file a Fourth Amended Complaint (D.I. 337), which the Court granted on December 5, 2022. The Court also granted Plaintiffs' request to serve discovery on the Individual Defendants (D.I. 394). On February 28, 2023, Plaintiffs served interrogatories ("ROGs") and requests for production ("RFPs"). (Exs. B and C.) On March 30, 2023, the Individual Defendants served responses to these discovery requests that were inadequate and incomplete. (Exs. D, E, F, and G.) Their interrogatory responses are rife with high-level generalities that do not provide the requested information, and demonstrate that the Individual Defendants did not take necessary steps to review documents in their possession, custody and control in order to ascertain the requested information.

On April 14, 2023, Plaintiffs detailed the numerous deficiencies via letter to counsel (Ex. H), and the parties met and conferred for over an hour on April 27, 2023. During this meet and confer, counsel for the Individual Defendants was not familiar with the subject matter of the requests or the deficiencies outlined in our letter, and repeatedly defaulted to the objection that Plaintiffs had already received all responsive information from the Medinter entities. During the same conference, counsel later admitted, in direct contradiction to their objection, that they had not reviewed *any* Medinter documents when preparing the responses or in preparation for the meet and confer. Counsel excused their failure to comply with basic discovery obligations because they had not yet obtained protective order access. But this assertion is specious given that the Individual Defendants are the principals of the Medinter entities and are free to provide their confidential information to their Berger Harris attorneys. Counsel could not explain why they made no attempt to gain protective order access in the four months they have been counsel, if they viewed this as an impediment to providing responsive discovery. Nonetheless, Plaintiffs filed a stipulation to amend the protective order the next day. (D.I. 424.) Counsel also confirmed that no steps had been taken to obtain responsive documents from the Individual Defendants. Thus, despite the fact that "counsel has an affirmative duty to assure that their client responds completely and promptly to discovery requests," "[defendants'] counsel has done little, or nothing, in terms of a reasonable inquiry and indeed had no knowledge of the number and identity of responsive documents." *Branhaven LLC v. Beeftek, Inc.*, 288 F.R.D. 386, 389 (D. Md. 2013).

Following the meet and confer, on April 28, 2023, Berger Harris represented via email that they would respond to Plaintiffs' April 14 letter, by no later than May 4, 2023, and provide a

The Honorable Christopher J. Burke                                                            Page 2
May 17, 2023

responsive letter containing "(i) to which deficiencies the Individual Defendants object and (ii) the
efforts that [the] Individual Defendants will be taking generally to determine whether
supplementation is necessary." (Ex. I at 1.)  That same day, Plaintiffs provided a follow-up letter
regarding, among other things, a discovery schedule for the Individual Defendants.  (Ex. J at 1-2.)
Despite Berger Harris' representation, their "responsive" letter was *only six sentences long*,
provided no additional information and committed only to *consider* whether supplementation was
necessary at a later date.  (Ex. K.)  The letter also rejected any schedule for discovery and other
case deadlines.  Plaintiffs respectfully request the Court compel compliant responses and document
production by a date certain and enter a proposed schedule in this case.  Without a case schedule,
Plaintiffs are concerned that the Individual Defendants are merely prolonging their opportunity to
siphon funds from the Medinter entities.

### II.  Defendants' Continued Discovery Deficiencies

**A.  Deficient ROG Responses**:   The Individual Defendants have failed to provide
complete responses to any of Interrogatory Nos. 1-8.  For example, in response to numerous
interrogatories, the Individual Defendants simply indicated that they do not "recall" the
information sought.  (Ex. D at ROGs 1, 3, 8.)  This is improper, as the Individual Defendants must
provide complete responses after consulting information in their possession, custody and control.
*Goddard Sys., Inc. v. Gondal*, 2018 WL 5919742, at *1 (D. Del. Nov. 9, 2018); *see also Essex
Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla 2005) ("The answering
party cannot limit his answers to matters within his own knowledge and ignore information
immediately available to him or under his control.").  In addition, more specific deficiencies persist
in individual interrogatory responses:

- **ROGs 1-3**—These are directed to allegations in the Fourth Amended Complaint regarding the
Individual Defendants' siphoning of funds, and ask the Individual Defendants to identify and
explain in detail (ROG 1) all transactions in the Corporate Defendants' account records, the
payment amount, reasons for payment or withdrawal, and circumstances where no payor or
recipient is listed; (ROG 2) all payments or other consideration received by the Individual
Defendants from the Medinter entities, their customers and/or distributors, including the
identity of the payor, the reasons for payment, the payment amount, and the account
information; and (ROG 3) details of the Individual Defendants' personal bank records and
related financial records.  Their responses are deficient because they fail to identify any specific
payments, amounts, recipients, or reasons for payments, and related information as requested
in each interrogatory.  (*See, e.g.,* Exs. D and F at ROGs 1-3.)  Instead, the responses are high-
level and general in nature, such that they do not answer the question asked with meaningful
detail.   To the extent the Individual Defendants believe documents demonstrate this
information, they must either provide the document information in narrative form, or identify
the document by Bates number, and explain what specific information responsive to the
interrogatory is disclosed.

- **ROG 4**—This interrogatory asks the Individual Defendants to explain the "two-factor
authentication issue" impacting the Medinter entities' bank account balances, as referenced by
Defendants' counsel during the December 5, 2022 hearing as an explanation for depleted funds
from those accounts.  Farrington's response to this interrogatory is deficient because she fails
to address payments received from Medinter Ltd. BVI and fails to provide responsive

information, instead simply noting that she provided documentation to her former counsel, "but does not know one way or the other as to whether they were produced." Barraza's statement that he has "never had anything to do with Wilmax" does not answer the interrogatory either.

- **ROG 5**—This interrogatory asks for information relating to the Individual Defendants' efforts to sell the Medinter entities. The Individual Defendants' responses are deficient because they fail to identify all efforts to sell the entities, yet acknowledge that there were related attempts to sell the business without providing corresponding detail.

- **ROG 6**—The Individual Defendants failed to respond to this interrogatory, which seeks information regarding the leadership roles and related compensation that they have received in various entities, which is relevant to the disappearance of funds from Medinter to those entities. Contrary to their objections, this interrogatory is directly relevant to allegations relating to siphoning of money out of the Medinter entities.

- **ROG 7**—This interrogatory asks the Individual Defendants to explain their personal use of the Medinter entities' bank accounts. They provided no response and simply objected to the term "personal use" as vague. However, during the meet and confer, counsel for the Individual Defendants could not identify any meaning of personal use that would be unclear or otherwise alter the scope of the response.

- **ROG 8**—This interrogatory asks for information surrounding the Individual Defendants' personal acts of infringement in the United States. Neither Farrington nor Barraza's responses are actually responsive to the information requested. For example, Farrington's response fails to identify information explaining her role in acts of manufacturing Derma Veil, or communications with third parties relating to acts of inducement. Likewise, Barraza's response fails to detail his correspondence with third parties and is contradicted by email correspondence produced by the Medinter entities.

Thus, each of these responses suffer from the same non-responsive deficiencies and are the type of incomplete, evasive answers generally prohibited. *See Younes v. 7-Eleven, Inc.,* 312 F.R.D. 692, 705 (D.N.J. 2015) (party's evasive, misleading and incomplete interrogatory responses were treated as a failure to disclose, answer, and respond: "[a] party responding to interrogatories cannot meet its obligations by sticking its head in the sand and refusing to look for answers.") (citations omitted). At a minimum, the Individual Defendants must "specify[] the records . . . in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).

**B. Deficient RFP Responses**: The Individual Defendants responded to the RFPs by stating that they will produce documents in their "possession, custody, or control (if any) that are not protected by privilege and/or immunity." (Exs. E and G.) It is unclear to Plaintiffs the extent of responsive documents that are in existence or are being withheld, and *prior to today* the Individual Defendants had not produced *any* documents in response to Plaintiffs' RFPs. That is, only hours ago, the Individual Defendants produced their first production of documents, consisting solely of Farrington's Citibank checking account from January 2021 to April 2023. (Ex. L.) Glaringly absent are records preceding 2021, records from other investment accounts, and *any*

records from Barraza's accounts, who has testified that he receives payments from the Medinter entities. Thus, this eleventh hour production fails to scratch the surface of the Individual Defendants' discovery obligations, and Plaintiffs respectfully request the Court compel production of the full scope of the requests by a date certain.

**C. Improper Boilerplate Objections**: The Individual Defendants' interrogatory and RFP responses incorporate the same eleven general objections into their responses, and present improper boilerplate objections without any explanation as to *how* any of these objections are applicable. This is improper and fails to specifically identify the basis for the objection as to any particular request. *See LG Philips LCD Co. v. Tatung Co.*, 2005 WL 8170100, at \*16 (D. Del. Aug. 16, 2005) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); *see also Owens v. Minor*, 2009 WL 2030938, at \*2 (D. Del. July 10, 2009) (explaining the objecting party "must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive"). Accordingly, these objections should be considered waived and stricken.

### III.  Entry of a Case Schedule

Plaintiffs respectfully request the Court enter a case schedule. A case schedule is appropriate because the Medinter entities have defaulted (D.I. 426) and summary judgment or trial against the Individual Defendants will necessarily occur because the Individual Defendants' partial motions to dismiss are limited to Plaintiffs' alter ego allegations. Indeed, neither Farrington nor Barraza moved to dismiss claims against their personal liability for direct and indirect infringement. (D.I. 411 at 7-9; D.I. 412 at 7-8.) After meeting and conferring, Plaintiffs provided a proposed case schedule (Ex. J at 1-2), but the Individual Defendants refused to even consider it. (Ex. K.) The Individual Defendants are the principals of the Medinter entities and have been actively participating in this lawsuit since 2018. The Individual Defendants cannot claim surprise now. Proceeding without a schedule needlessly prolongs this case, which previously completed expert reports, and provides the Individual Defendants with additional opportunity to siphon funds from the Medinter entities. Nor should the pendency of a partial motion to dismiss serve to stay the case or discovery. (*See* Ex. M, Feb. 23, 2023 Hearing Tr. at 76:9-23.)

### IV.  Plaintiffs Request Guidance Regarding Motion for Default Judgment

The Medinter entities defaulted on May 4, 2023. (D.I. 426.) For that reason, judgment against the Medinter entities is appropriate for Plaintiffs' claims of direct and indirect patent infringement and associated damages. "A party who defaults by failing to plead or defend admits the allegations in the complaint related to the claims. . . ." *Bd. of Trustees, Plumbers & Pipefitters Loc. Union No. 74 Pension Fund v. Mep Nationwide LLC*, 2022 WL 2951690, at \*3 (D. Del. July 26, 2022). The Medinter entities cannot oppose default judgment as "the defaulting party loses his standing in court . . . and his right to present evidence at the final hearing." *See, e.g., Hartford Fire Ins. Co. v. Sunteck Trans. Grp., Inc.*, 2011 WL 2938466, at \*2 (E.D. Va. June 29, 2011). Likewise, the Individual Defendants cannot oppose default judgment of the Medinter entities, as they contend they are separate defendants, and do not have standing to do so. Accordingly, Plaintiffs seek the Court's permission to move for default judgment against the Medinter entities as unopposed, and seek guidance on the Court's preferred method of determining damages based on the fact and expert evidence produced to date.

The Honorable Christopher J. Burke                                                    Page 5
May 17, 2023

Respectfully,

Michael Flynn (# 5333)
*Counsel for Plaintiffs*
*Galderma Laboratories L.P.*
*and Galderma S.A.*

cc:    All counsel of record

Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GALDERMA LABORATORIES, L.P. and GALDERMA S.A., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| MEDINTER US LLC, MEDINTER LTD. UK, MEDINTER LTD. BVI, MEDGRAFT MICROTECH, INC., ANGEL BARRAZA Y DEL TORO, and BRENDA J. FARRINGTON, | ) ) ) ) ) |
| Defendants. | ) ) ) |

C.A. No. 18-1892 (JDW-CJB)

**[PROPOSED] ORDER ON PLAINTIFFS'
MOTION TO COMPEL AND SCHEDULING ORDER**

The Court, having considered letter briefs from Plaintiffs and Defendants Brenda J. Farrington ("Farrington") and Angel Barraza y del Toro ("Barraza") concerning Plaintiffs' requests to compel responses on certain discovery matters, and having heard argument by the Parties on June 5, 2023, hereby ORDERS as follows:

1. Farrington's and Barraza's general and boilerplate objections to Plaintiffs' Interrogatories Nos. 1–8 are OVERRULED.

2. Within 10 days of this Order, Farrington and Barraza shall supplement their responses to Plaintiffs' Interrogatories Nos. 1-8 to provide full and complete responses that fully comply with the Federal Rules of Civil Procedure.

3. Farrington and Barraza shall produce all documents in their possession, custody or control that are responsive to Plaintiffs' Requests for Production Nos. 1–8 and, for any documents

753797914

being withheld under a claim of privilege, shall provide a privilege log that complies with the

Federal Rules of Civil Procedure.

4.   This case will proceed with the following schedule:

| Event | Deadline |
|---|---|
| Rule 26(a)(1) Initial Disclosures | June 15, 2023 |
| Document Production Substantially Complete | June 29, 2023 |
| Discovery Cut Off | July 26, 2023 |
| Meet and Confer to Discuss whether Additional Expert Reports and/or Depositions are Needed | August 4, 2023 |
| Opening Briefs in Support of Case Dispositive Motions | August 25, 2023 |
| Pretrial Conference | TBD |
| Trial | TBD |

**IT IS SO ORDERED** this __ day of _____, 2023.

_____
The Honorable Christopher M. Burke
UNITED STATES MAGISTRATE JUDGE

2

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GALDERMA LABORATORIES, L.P. )
and GALDERMA S.A., )
                          )
         Plaintiffs, )
                          )
    v. )   C.A. No.  18-1892 (JDW) (CJB)
                          )
MEDINTER US LLC, MEDINTER LTD. )
(BVI), MEDINTER LTD. (UK), MEDGRAFT )
MICROTECH, INC., ANGEL BARRAZA Y )
DEL TORO, and BRENDA J. FARRINGTON, )
                          )
         Defendants. )
                          )

### GALDERMA LABORATORIES, L.P. AND GALDERMA S.A.'S INTERROGATORIES TO ANGEL BARRAZA Y DEL TORO AND BRENDA J. FARRINGTON

Pursuant to the Federal Rule of Civil Procedure 33 and the Local Civil Rules of this Court,

Plaintiffs GALDERMA LABORATORIES, L.P. and GALDERMA S.A. (collectively,

"Galderma") hereby request that Defendants ANGEL BARRAZA Y DEL TORO and BRENDA

J. FARRINGTON provide an answer to the following interrogatory fully, in writing, and under

oath within thirty (30) days of the service hereof at the law offices of Mayer Brown LLP, 1221

Avenue of the Americas, New York, NY 10020, or at such other time and place as may be mutually

agreed upon by counsel for the parties. The following definitions and instructions shall apply.

### DEFINITIONS

1.      "Galderma" refers to Plaintiffs Galderma Laboratories, L.P. and Galderma S.A.

2.      "Medinter" refers to Defendants Medinter US LLC, Medinter Ltd. (UK), Medinter

Ltd. (BVI), and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof,

past or present, joint ventures, and other related legal entities, and all past or present directors,

principals, officers, owners, agents, representatives, attorneys, and others acting for or on behalf of these same entities.

3.     "Medgraft" refers to Defendant Medgraft Microtech, Inc., and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other related legal entities, and all past or present directors, principals, officers, owners, agents, representatives, attorneys, and others acting for or on behalf of these same entities.

4.     "Individual Defendants" refers to Angel Barraza y del Toro and Brenda J. Farrington, both collectively and individually.

5.     "Defendant," "You," and "Your" shall mean Angel Barraza y del Toro and Brenda J. Farrington, both collectively and individually.

6.     "Wilmax" refers to Wilmax LLC, and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, or other related legal entities, and all past or present directors, principals, officers, owners, agents, representatives, attorneys, and others acting for or on behalf of these same entities.

7.     The term "the Litigation" shall refer to Case No. 1:18-cv-01892-JDW-CJB pending in the United States District Court for the District of Delaware.

8.     The term "Complaint" means the most recently filed original, supplemental, or amended complaint in the Litigation.

9.     The term "the '251 Patent" refers to United States Patent No. 6,716,251, titled "Implant for Subcutaneous or Intradermal Injection," issued on April 6, 2004, the applications from which this patent issued, and all patents and applications related thereto, including foreign applications, continuations, divisionals, continuations-in-part, reissues, reexaminations, and PCT applications.

10. The term "the '758 Patent" refers to United States Patent No. 7,731,758, titled "Implant for Subcutaneous or Intradermal Injection," issued on June 8, 2010, the applications from which this patent issued, and all patents and applications related thereto, including foreign applications, continuations, divisionals, continuations-in-part, reissues, reexaminations, and PCT applications.

11. The term "Patent(s)-in-Suit" shall mean, individually and collectively, the '251 and '758 Patents.

12. The term "Accused Product(s)" shall mean Derma Veil® identified by Galderma in the Complaint, in the Infringement Contentions, or any and all supplements and/or amendments to the foregoing, including the Derma Veil® compositions prior to and after lyophilization, and any other products reasonably similar to any of the foregoing, including, but not limited to, any other injectable implant comprising biocompatible polymers and excipients.

13. The term "Infringement Contentions" means and includes any and all infringement contentions served by Galderma, including any amendments and/or supplements thereto.

14. The term "Asserted Claim(s)" means any and/or all claims of the Patents-in-Suit that Galderma alleges Defendant infringes in the Complaint, the Infringement Contentions, and any and all supplements and/or amendments to the foregoing.

15. The phrase "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102, 103, and includes, but is not limited to, any United States or foreign patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act or event defined in 35 U.S.C. §§ 102, 103, taken alone or in combination.

16. "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical

3

copy is a separate document within the meaning of this term. The terms "Document" or "Documents" are used herein in their customary broad sense, and mean any kind of written, printed, recorded or graphic matter that is or has been in Defendant's actual and constructive possession, custody, or control, regardless of the medium on which it is produced, reproduced, or stored, including but not limited to, correspondence, records, reports, memoranda, notes, letters, telegrams, telexes, messages (including, without limitation reports of telephone conversations and conferences), studies, analyses, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, minutes or other communications (including but not limited to, interoffice and interoffice communications), questionnaires, surveys, contracts, memoranda of agreements, assignments, books of accounts, orders, working papers, records or summaries of negotiations, voice recordings, records or summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, specifications, certificates of registration, applications for registration, graphs, charts, studies, plans and planning materials, statistical statements, compilations, forecasts, work papers, invoices, statement notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blue prints, schematics, logic diagrams, timing diagrams, flow charts, pictures, photographs, belts, tapers, magnetic tapes, paper tapes, platter output recordings, electronic mail records and messages, magnetic and optical disks, data cards, films, data processing films, and all other computer-readable records, files, and programs, object codes, source codes, and all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated, if necessary, and all originals (or, if originals are unavailable, identical copies thereof), drafts and non-identical copies thereof. If the original of a Document is unavailable or was not reviewed or received by a particular person, "Document" includes any identical copy

4

of the original. Any Document bearing any marks, including but not limited to, initials, stamped indicia, comments or notations, not part of the original text or photographic reproduction thereof, in a separate Document.

17.     "All Documents" means every Document, as defined above, that is known to Defendant and every such Document that can be located or discovered by reasonably diligent efforts.

18.     "Thing" or "Things" means any tangible object other than a Document, including without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

19.     The terms "describe," "identify," "specify," and "state" mean:

    (a)     when applicable to a date, to specify the month, day and year;

    (b)     when applicable to a document, to provide at least: (i) the date appearing on the document, and if no date appears thereon, the answer shall so state and shall give the date or approximate date such document was prepared; (ii) the identifying or descriptive code number, file number, title or label of such document; (iii) the general nature or description of such document (i.e., whether it is a letter, memorandum, drawing, etc.) and the number of pages of which it consists; (iv) the name of the person who signed such document, and if it was not signed, the answer shall so state and shall give the name of each person or persons who prepared it; (v) any other authors and/or recipients; (vi) the name of the person to whom such document was addressed and the name of each person other than such addressee to whom such document or copies thereof were given or sent; (vii) the name of the person having possession, custody, or control of such document; (viii) whether or not any draft, copy or reproduction of such document contains any postscript, notation, change, or addendum not appearing on the original of said document, and if so, the answer shall give the description as herein defined of each such draft, copy or reproduction; (ix) if any such document was but is no longer in Plaintiffs' possession or subject to its control, state what disposition was made of it and when and explain the subject matter covered in the document; (x) if any such document is claimed to be privileged, state the basis on which the claim of privilege is asserted and explain the subject matter covered in the document; and (xi) if any such document is presently located in the hands of legal counsel, the term "identify" additionally means to state the location of the document immediately prior to its coming into the hands of legal counsel and to identify the person who had prior custody of the document;

    (c)     when applicable to a natural person, to provide at least: (i) the person's full name and last known residential address; (ii) the name and address of the

5

person's last known employer; and (iii) the person's last known title or position of employment;

(d)     when applicable to a person or entity, to provide at least: (i) the full name of the entity; (ii) the last known address of its principal office or place of business; (iii) the type of entity (i.e., whether it is a corporation, partnership, or other type of entity, etc.); and (iv) the state, commonwealth, or territory of the United States or other governmental body in which it is registered to do business, together with the dates of registration; and

(e)     when applicable to an oral communication, to provide at least: (i) the date, time, and place of the communication; (ii) the manner and substance of the communication; (iii) the names of all persons who participated in, listened to, or had access to transcripts or summaries of the communication; and (iv) the identity of all documents that memorialize, commemorate, summarize, record, or directly refer or relate in whole or in part to such communication.

20.     "Person(s)" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such "Person(s)."

21.     "Communication" or "Communications" means any oral, electronic, or written transmission of information from one person to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, instant messages, notes, memoranda, telegrams, text messages, advertisements or other forms of information exchanged. For the avoidance of doubt, "Communications" is not limited to any particular sender or recipient, and includes, but is not limited to, all "Communications" between the Individual Defendants, and/or between any Individual Defendant and any Medinter Defendant, Medgraft Defendant, Wilmax entity, or any Third Party.

22.     "Including" and "include" are illustrative and are in no way a limitation of the information required.

6

23.     "Pertaining To," "Pertain To," "Relating To," "Relate To," "Concerning" mean constituting, consisting of, evidencing, describing, supporting, reflecting, comprising, containing, setting forth, reflecting, showing, disclosing, analyzing, explaining, summarizing, resulting from, referring to, whether directly or indirectly, whether in whole or in part, the matter specified.

24.     "Third Party" or "Third Parties" means anyone other than Defendant or Plaintiffs.

25.     "Date" means the exact day, month and year, if ascertainable, and if the exact day, month and year are not ascertainable, then the best approximation thereof.

26.     The words "any" and "all" shall both be construed to mean "any and all."

27.     The words "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed outside of its scope.

28.     As used herein, the terms "Entity" and "Entities" include any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

29.     The words "each" and "any" shall mean "each and every" as well as "anyone."

30.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

31.     The use of the singular form of any word includes the plural and vice versa.

## GENERAL INSTRUCTIONS FOR INTERROGATORIES

1.     Answers to these interrogatory requests should reflect all information stored in any form within the possession, custody, or control of Defendants, regardless of whether the information is possessed directly by Defendants or any of Defendants' past or present officers, directors, employees, agents, representatives, contractors, consultants, or attorneys.

2.    If Defendants respond to this Interrogatory by specifying their business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendants are requested to identify each business record by production number(s).

3.    If Defendants should have any good faith objection to any of these interrogatories, or any part thereof, the specific nature of the objection and whether it applies to the entire interrogatory or to a certain part of the interrogatory shall be stated.  If there is an objection to any part of the interrogatory, then the part or parts objected to should be indicated and information responsive to the remaining unobjectionable parts should be provided.

4.    If, in answering these interrogatories, Defendants claim any ambiguity in interpreting either the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by Defendants as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous, the interpretation chosen or used in responding to the interrogatory.

5.    If Defendants are unable to answer the following Interrogatory fully and completely, after exercising due diligence to secure the information necessary to make full and complete answers, state so. In addition, answer each such interrogatory to the fullest extent possible, specifying Defendants' knowledge and Defendants' inability to answer the remainder, and provide any information Defendants may have related to the unanswered portions of the interrogatory.

6.    Defendants' obligation to respond to the following Interrogatory is continuing and the responses to the following Interrogatory is to be promptly supplemented to include subsequently acquired information in accordance with the requirements of Rule 26 of the Federal Rules of Civil Procedure.

7.      For any interrogatory, or portion thereof, for which you claim a privilege, describe the factual basis for the claim of privilege in sufficient detail to permit adjudication of the validity of that claim, including without limitation the following:

      a.   A brief description of the type of information (*e.g.,*, type of communication or document);

      b.   The date of the privileged information;

      c.   The name, title and job description of each person who prepared, gave, or received the privileged information;

      d.   The name, title and job description of each person who had access to the privileged information;

      e.   A brief description of the subject matter of the information; and

      f.   The nature of the privilege claimed.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify and explain in detail the facts and circumstances relating to all debits, wire transfers, checks, ACH transactions, or other forms of payment listed in the Medinter and/or Medgraft Defendants' bank records from 2012 to the present, including, but not limited to, the payors and recipients thereof, the complete payment amount, the reasons for any payment, withdrawal or transfer of funds from the Medinter and/or Medgraft Defendants' bank accounts, and the circumstances where no payor or recipient is listed.

**INTERROGATORY NO. 2:**

Identify and explain in detail all payments or other consideration received by the Individual Defendants from the Medinter and Medgraft Defendants, their customers, and/or distributors from

2012 to the present including, but not limited to, the identity of such payors, the reasons for such payments or other consideration, the complete payment amount, and the identity and custodial information of bank accounts, trust accounts, financial institutions, and other locations or recipients of such payments or other consideration.

**INTERROGATORY NO. 3:**

Identify and explain in detail all Documents, Communications, and Things relating to the Individual Defendants' personal bank records, trust account records, financial records, tax records, communications between the Medinter Defendants, Medgraft Defendants' and Wilmax accountants, and communications between the Individual Defendants' accountants from 2012 to the present.

**INTERROGATORY NO. 4:**

Identify and explain in detail all Documents, Communications, and Things exchanged between (a) the Individual Defendants, Medinter and Medgraft Defendants and/or Wilmax and (b) their respective banks, trust accounts or other financial institutions relating to the debits, wire transfers, checks, ACH transactions, or other forms of payments from 2012 to the present, including, but not limited to, the "two-factor authentication" issue (i.e., the removal and subsequent return of funds) referenced by Defendants' counsel during the December 5, 2022 hearing.

**INTERROGATORY NO. 5:**

Identify and explain in detail all Documents, Communications, and Things relating to the Individual Defendants' efforts to sell the Medinter and/or Medgraft Defendants, including, but not limited to, proposals, unexecuted draft agreements, term sheets, valuations, sales projections from 2012 to the present.

**INTERROGATORY NO. 6:**

Identify and explain in detail all Documents, Communications, and Things relating to all Entities that the Individual Defendants' have previously served as, or currently serve as, directors, founders, officers, members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such service.

**INTERROGATORY NO. 7:**

Identify and explain in detail all Documents, Communications, and Things relating to the Individual Defendants' personal use of the Medinter and/or Medgraft Defendants' respective bank accounts from 2012 to the present, including specific fund transfers in connection with such personal use.

**INTERROGATORY NO. 8:**

Identify and explain in detail all Documents, Communications, and Things relating to making, use, offering for sale, sale, research, development, commercialization, design, testing, characterization, evaluation, formulating, manufacturing, packaging, labeling, supplying, importation, export, distribution, promotion, marketing of the Accused Product in and outside of the United States, including but not limited to:

a) those between and/or among the Individual Defendants, the Individual Defendants and Medinter and Medgraft Defendants, and the Individual Defendants and any Third Party, including, but not limited to Wilmax;

b) any correspondence concerning or documents concerning the Individual Defendants and Medinter and/or Medgraft Defendants discontinuation in making, using, offering for sale, sale of the Accused Product.

11

Case 1:18-cv-01892-JDW-CJB   Document 444   Filed 06/29/23   Page 22 of 107 PageID #: 16148

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs Galderma Laboratories*
*L.P. and Galderma S.A.*

OF COUNSEL:

Joseph A. Mahoney
Ryan P. Regan
Cecilia G. Rambarat
MAYER BROWN LLP
300 S. Tryon Street, Suite 1800
Charlotte, NC  28202
(704) 444-3500

Erick J. Palmer
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
(312) 782-0600

B. Clayton McCraw
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY  10020
(212) 506-2500

February 28, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2023, copies of the foregoing were caused to be served

upon the following in the manner indicated:

John G. Harris, Esquire                                          *VIA ELECTRONIC MAIL*
Zachary J. Schnapp, Esquire
BERGER HARRIS LLP
1105 North Market Street, 11th Floor
Wilmington, DE  19801
*Attorneys for Defendants Angel Barraza y Del*
*Toro and Brenda J. Farrington*

                                         */s/ Michael J. Flynn*

                                         _____

                                         Michael J. Flynn (#5333)

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GALDERMA LABORATORIES, L.P. )
and GALDERMA S.A., )
                                 )
          Plaintiffs, )
                                 )
   v. )    C.A. No.  18-1892 (JDW) (CJB)
                                 )
MEDINTER US LLC, MEDINTER LTD. )
(BVI), MEDINTER LTD. (UK), MEDGRAFT )
MICROTECH, INC., ANGEL BARRAZA Y )
DEL TORO, and BRENDA J. FARRINGTON, )
                                 )
          Defendants. )
                                 )

**GALDERMA LABORATORIES, L.P. AND GALDERMA S.A.'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED
UPON ANGEL BARRAZA Y DEL TORO AND BRENDA J. FARRINGTON**

Pursuant to the Federal Rules of Civil Procedure 26 and 34 and the Local Civil Rules of

this Court, Plaintiffs GALDERMA LABORATORIES, L.P. and GALDERMA S.A. (collectively,

"Galderma") hereby request that Defendants Angel Barraza y del Toro and Brenda J. Farrington

(together, the " Individual Defendants") produce the following documents and things within thirty

(30) days of the service hereof at the law offices of Mayer Brown LLP, 1221 Avenue of the

Americas, New York, NY 10020, or at such other time and place as may be mutually agreed upon

by counsel for the parties. The following definitions and instructions shall apply.

**DEFINITIONS**

1.    "Galderma" refers to Plaintiffs Galderma Laboratories, L.P. and Galderma S.A.

2.    "Medinter" refers to Defendants Medinter US LLC, Medinter Ltd. (UK), Medinter

Ltd. (BVI), and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof,

past or present, joint ventures, and other related legal entities, and all past or present directors,

principals, officers, owners, agents, representatives, attorneys, and others acting for or on behalf of these same entities.

3.      "Medgraft" refers to Defendant Medgraft Microtech, Inc., and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, and other related legal entities, and all past or present directors, principals, officers, owners, agents, representatives, attorneys, and others acting for or on behalf of these same entities.

4.      "Individual Defendants" refers to Angel Barraza y del Toro and Brenda J. Farrington, both collectively and individually.

5.      "Defendant," "You," and "Your" shall mean Angel Barraza y del Toro and Brenda J. Farrington, both collectively and individually.

6.      "Wilmax" refers to Wilmax LLC, and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, joint ventures, or other related legal entities, and all past or present directors, principals, officers, owners, agents, representatives, attorneys, and others acting for or on behalf of these same entities.

7.      The term "the Litigation" shall refer to Case No. 1:18-cv-01892-CFC pending in the United States District Court for the District of Delaware.

8.      The term "Complaint" means the most recently filed original, supplemental, or amended complaint in the Litigation.

9.      The term "the '251 Patent" refers to United States Patent No. 6,716,251, titled "Implant for Subcutaneous or Intradermal Injection," issued on April 6, 2004, the applications from which this patent issued, and all patents and applications related thereto, including foreign applications, continuations, divisionals, continuations-in-part, reissues, reexaminations, and PCT applications.

10.     The term "the '758 Patent" refers to United States Patent No. 7,731,758, titled "Implant for Subcutaneous or Intradermal Injection," issued on June 8, 2010, the applications from which this patent issued, and all patents and applications related thereto, including foreign applications, continuations, divisionals, continuations-in-part, reissues, reexaminations, and PCT applications.

11.     The term "Patent(s)-in-Suit" shall mean, individually and collectively, the '251 and '758 Patents.

12.     The term "Accused Product(s)" shall mean Derma Veil® identified by Galderma in the Complaint, in the Infringement Contentions, or any and all supplements and/or amendments to the foregoing, including the Derma Veil® compositions prior to and after lyophilization, and any other products reasonably similar to any of the foregoing, including, but not limited to, any other injectable implant comprising biocompatible polymers and excipients.

13.     The term "Infringement Contentions" means and includes any and all infringement contentions served by Galderma, including any amendments and/or supplements thereto.

14.     The term "Asserted Claim(s)" means any and/or all claims of the Patents-in-Suit that Galderma alleges Defendant infringes in the Complaint, the Infringement Contentions, and any and all supplements and/or amendments to the foregoing.

15.     The phrase "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102, 103, and includes, but is not limited to, any United States or foreign patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act or event defined in 35 U.S.C. §§ 102, 103, taken alone or in combination.

16.     "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft or non-identical

copy is a separate document within the meaning of this term. The terms "Document" or "Documents" are used herein in their customary broad sense, and mean any kind of written, printed, recorded or graphic matter that is or has been in Defendant's actual and constructive possession, custody, or control, regardless of the medium on which it is produced, reproduced, or stored, including but not limited to, correspondence, records, reports, memoranda, notes, letters, telegrams, telexes, messages (including, without limitation reports of telephone conversations and conferences), studies, analyses, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, minutes or other communications (including but not limited to, interoffice and interoffice communications), questionnaires, surveys, contracts, memoranda of agreements, assignments, books of accounts, orders, working papers, records or summaries of negotiations, voice recordings, records or summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, specifications, certificates of registration, applications for registration, graphs, charts, studies, plans and planning materials, statistical statements, compilations, forecasts, work papers, invoices, statement notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blue prints, schematics, logic diagrams, timing diagrams, flow charts, pictures, photographs, belts, tapers, magnetic tapes, paper tapes, platter output recordings, electronic mail records and messages, magnetic and optical disks, data cards, films, data processing films, and all other computer-readable records, files, and programs, object codes, source codes, and all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated, if necessary, and all originals (or, if originals are unavailable, identical copies thereof), drafts and non-identical copies thereof. If the original of a Document is unavailable or was not reviewed or received by a particular person, "Document" includes any identical copy

4

of the original. Any Document bearing any marks, including but not limited to, initials, stamped indicia, comments or notations, not part of the original text or photographic reproduction thereof, in a separate Document.

17. "All Documents" means every Document, as defined above, that is known to Defendant and every such Document that can be located or discovered by reasonably diligent efforts.

18. "Thing" or "Things" means any tangible object other than a Document, including without limitation, objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

19. The terms "describe," "identify," "specify," and "state" mean:

   (a) when applicable to a date, to specify the month, day and year;

   (b) when applicable to a document, to provide at least: (i) the date appearing on the document, and if no date appears thereon, the answer shall so state and shall give the date or approximate date such document was prepared; (ii) the identifying or descriptive code number, file number, title or label of such document; (iii) the general nature or description of such document (i.e., whether it is a letter, memorandum, drawing, etc.) and the number of pages of which it consists; (iv) the name of the person who signed such document, and if it was not signed, the answer shall so state and shall give the name of each person or persons who prepared it; (v) any other authors and/or recipients; (vi) the name of the person to whom such document was addressed and the name of each person other than such addressee to whom such document or copies thereof were given or sent; (vii) the name of the person having possession, custody, or control of such document; (viii) whether or not any draft, copy or reproduction of such document contains any postscript, notation, change, or addendum not appearing on the original of said document, and if so, the answer shall give the description as herein defined of each such draft, copy or reproduction; (ix) if any such document was but is no longer in Plaintiffs' possession or subject to its control, state what disposition was made of it and when and explain the subject matter covered in the document; (x) if any such document is claimed to be privileged, state the basis on which the claim of privilege is asserted and explain the subject matter covered in the document; and (xi) if any such document is presently located in the hands of legal counsel, the term "identify" additionally means to state the location of the document immediately prior to its coming into the hands of legal counsel and to identify the person who had prior custody of the document;

   (c) when applicable to a natural person, to provide at least: (i) the person's full name and last known residential address; (ii) the name and address of the

person's last known employer; and (iii) the person's last known title or position of employment;

(d)     when applicable to a person or entity, to provide at least: (i) the full name of the entity; (ii) the last known address of its principal office or place of business; (iii) the type of entity (i.e., whether it is a corporation, partnership, or other type of entity, etc.); and (iv) the state, commonwealth, or territory of the United States or other governmental body in which it is registered to do business, together with the dates of registration; and

(e)     when applicable to an oral communication, to provide at least: (i) the date, time, and place of the communication; (ii) the manner and substance of the communication; (iii) the names of all persons who participated in, listened to, or had access to transcripts or summaries of the communication; and (iv) the identity of all documents that memorialize, commemorate, summarize, record, or directly refer or relate in whole or in part to such communication.

20.     "Person(s)" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such "Person(s)."

21.     "Communication" or "Communications" means any oral, electronic, or written transmission of information from one person to another, including but not limited to, discussions, conversations, negotiations, agreements, understandings, personal meetings, telephone conversations, facsimiles, letters, electronic mail, instant messages, notes, memoranda, telegrams, text messages, advertisements or other forms of information exchanged.  For the avoidance of doubt, "Communications" is not limited to any particular sender or recipient, and includes, but is not limited to, all "Communications" between the Individual Defendants, and/or between any Individual Defendant and any Medinter Defendant, Medgraft Defendant, Wilmax entity, or any Third Party.

22.     "Including" and "include" are illustrative and are in no way a limitation of the information required.

6

23.     "Pertaining To," "Pertain To," "Relating To," "Relate To," "Concerning" mean constituting, consisting of, evidencing, describing, supporting, reflecting, comprising, containing, setting forth, reflecting, showing, disclosing, analyzing, explaining, summarizing, resulting from, referring to, whether directly or indirectly, whether in whole or in part, the matter specified.

24.     "Third Party" or "Third Parties" means anyone other than Defendant or Plaintiffs.

25.     "Date" means the exact day, month and year, if ascertainable, and if the exact day, month and year are not ascertainable, then the best approximation thereof.

26.     The words "any" and "all" shall both be construed to mean "any and all."

27.     The words "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed outside of its scope.

28.     As used herein, the terms "Entity" and "Entities" include any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

29.     The words "each" and "any" shall mean "each and every" as well as "anyone."

30.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

31.     The use of the singular form of any word includes the plural and vice versa.


**GENERAL INSTRUCTIONS**

1.     In producing Documents, Communications, and Things requested, Defendants shall furnish all Documents and Things known or available to Defendants within Defendants' possession, custody, or control (either collectively or independently by Defendants) wherever located, including electronically stored information, regardless of whether such Documents are

possessed directly by Defendants or by any of Defendants' agents, officers, employees, attorneys, representatives, or those acting on behalf of Defendants.

2.      Documents, Communications, and Things produced pursuant to these requests shall be produced in the original files and shall not be shuffled, separated, or otherwise arranged. Documents that were stapled, clipped, attached, or otherwise fastened together shall be produced in that form.

3.      Tangible things produced pursuant to these requests shall be produced in their present form and shall not be changed or modified in any way.

4.      In the event Defendants withhold Any Documents, Communications, or Things on the basis that it is privileged, subject to work product immunity, or otherwise excludable from discovery, Defendants are requested to list such Documents, Communications, or Things by request number and to state the following information: (a) the type of Documents, Communications, or Things (e.g., letter, memorandum, contract); (b) its title; (c) its Date; (d) its subject matter; (e) the name, address, and present occupation of the Person(s) now in possession of it; (f) the name, present address, and occupation at the time of preparation of the Person(s) who prepared it; (g) the name, present address, and occupation at the time of dissemination of the addressee(s) who had access thereto; and (h) the basis upon which the Documents, Communications, or Things are withheld and such other particulars as will provide Defendants with sufficient information to determine whether to make a motion with respect thereto.

5.      Exact duplicates of documents need not be produced more than once.  To the extent documents are being produced in response to individual requests, produce all documents responsive to the request.

6. If any request is objected to as overly broad or unduly burdensome, Defendants are to produce those Documents, Communications, and/or Things that are unobjectionable and specifically Identify the respect in which the request is allegedly overly broad or burdensome, respectively.

7. If a Document, Communication, or Thing was but is no longer in Defendants' possession, custody, or control, or in existence, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) otherwise disposed of. In each instance of such Documents, Communications, or Things, please (a) explain the circumstances surrounding and authorization for the unavailability, destruction, or disposition thereof; (b) state the Date or approximate Date thereof; (c) state the name and title of the author(s), sender(s), and recipient(s) thereof; (d) state the name(s) and address(es) of all Persons having knowledge of the unavailability, destruction, or disposition thereof; (e) state the name(s) and address(es) of all persons responsible for the unavailability, destruction or disposition thereof; and (f) if applicable, state the name(s) and address(es) of all Persons that now possess, have custody thereof, or control the Documents, Communications, or Things.

8. This First Set of Requests for Production of Documents, Communications, and Things is deemed to be continuing and must be supplemented as required by the Federal Rules of Civil Procedure. If, after producing Documents, Communications, or Things, Defendants obtain or becomes aware of any further Documents, Communications, or Things, or information responsive to this First Set of Requests for Production of Documents and Things, Defendants are required to produce to Plaintiffs such additional Documents, Communications, and Things, and/or to provide Plaintiffs with such additional information as required by the Federal Rules of Civil Procedure.

9

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents, Communications, and Things relating to the facts and circumstances of all debits, wire transfers, checks, ACH transactions, or other forms of payment listed in the Medinter and/or Medgraft Defendants' bank records from 2012 to the present, including, but not limited to, the payors and recipients thereof, the complete payment amount, the reasons for any payment, withdrawal or transfer of funds from the Medinter and/or Medgraft Defendants' bank accounts, and the circumstances where no payor or recipient is listed.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents, Communications, and Things relating to all payments or other consideration received by the Individual Defendants from the Medinter and Medgraft Defendants, their customers, and/or distributors from 2012 to the present including, but not limited to, the identity of such payors, the reasons for such payments or other consideration, the complete payment amount, and the identity and custodial information of bank accounts, trust accounts, financial institutions, and other locations or recipients of such payments or other consideration.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents, Communications, and Things relating to the Individual Defendants' personal bank records, trust account records, financial records, tax records, communications between the Medinter Defendants, Medgraft Defendants' and Wilmax accountants, and communications between the Individual Defendants' accountants from 2012 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents, Communications, and Things exchanged between (a) the Individual Defendants, Medinter and Medgraft Defendants and/or Wilmax and (b) their respective banks,

trust accounts or other financial institutions relating to the debits, wire transfers, checks, ACH transactions, or other forms of payments from 2012 to the present, including, but not limited to, the "two-factor authentication" issue (i.e., the removal and subsequent return of funds) referenced by Defendants' counsel during the December 5, 2022 hearing.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents, Communications, and Things relating to the Individual Defendants' efforts to sell the Medinter and/or Medgraft Defendants, including, but not limited to, proposals, unexecuted draft agreements, term sheets, valuations, sales projections from 2012 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents, Communications, and Things relating to all Entities that the Individual Defendants' have previously served as, or currently serve as, directors, founders, officers, members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such service.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents, Communications, and Things relating to the Individual Defendants' personal use of the Medinter and/or Medgraft Defendants' respective bank accounts from 2012 to the present, including specific fund transfers in connection with such personal use.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents, Communications, and Things relating to making, use, offering for sale, sale, research, development, commercialization, design, testing, characterization, evaluation, formulating, manufacturing, packaging, labeling, supplying, importation, export, distribution, promotion, marketing of the Accused Product in and outside of the United States, including but not limited to:

11

a) those between and/or among the Individual Defendants, the Individual Defendants and Medinter and Medgraft Defendants, and the Individual Defendants and any Third Party, including, but not limited to Wilmax;

b) any correspondence concerning or documents concerning the Individual Defendants and Medinter and/or Medgraft Defendants discontinuation in making, using, offering for sale, sale of the Accused Product.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

OF COUNSEL:

Joseph A. Mahoney
Ryan P. Regan
Cecilia G. Rambarat
MAYER BROWN LLP
300 S. Tryon Street, Suite 1800
Charlotte, NC 28202
(704) 444-3500

Erick J. Palmer
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600

B. Clayton McCraw
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500

February 28, 2023

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiffs Galderma Laboratories L.P. and Galderma S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2023, copies of the foregoing were caused to be served

upon the following in the manner indicated:

John G. Harris, Esquire                                        *VIA ELECTRONIC MAIL*
Zachary J. Schnapp, Esquire
BERGER HARRIS LLP
1105 North Market Street, 11th Floor
Wilmington, DE  19801
*Attorneys for Defendants Angel Barraza y Del*
*Toro and Brenda J. Farrington*

                                        */s/ Michael J. Flynn*

                                        _____
                                        Michael J. Flynn (#5333)

Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GALDERMA LABORATORIES, L.P. and GALDERMA S.A., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MEDINTER US LLC, MEDINTER LTD. UK, MEDINTER LTD. BVI, MEDGRAFT MICROTECH, INC., ANGEL BARRAZA Y DEL TORO, and BRENDA J. FARRINGTON, | ) ) ) ) ) ) |
| Defendants. | ) ) |

C.A. No. 18-1892-JDW-CJB

**DEFENDANT BRENDA J. FARRINGTON'S RESPONSES AND OBJECTIONS TO GALDERMA LABORATORIES, L.P. AND GALDERMA S.A.'S INTERROGATORIES**

Defendant Dr. Brenda J. Farrington ("Farrington"), by and through her undersigned counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby responds and objects to the following interrogatories (each an "Interrogatory" and, collectively, the "Interrogatories") issued by Galderma Laboratories, L.P. and Galderma S.A. (together, "Plaintiffs"), as follows:

**PRELIMINARY STATEMENT**

1.      These responses and objections to the following instructions, definitions, and Interrogatories are made without prejudice to and shall not constitute a waiver of Farrington's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Plaintiffs' instructions, definitions, and Interrogatories, Farrington does not waive and hereby expressly reserves the right to assert any and all objections on any and all grounds at trial and at any other proceeding relating to this litigation including, but not limited to, competency, relevancy, materiality, propriety,

admissibility, and privilege, as well as any and all other objections and grounds that require the exclusion of evidence.

3.      Farrington expressly reserves the right to supplement, clarify, revise, amend, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4.      Farrington agrees to meet-and-confer on any disputes pertaining to these objections and responses.

<u>**GENERAL OBJECTIONS**</u>

Farrington makes the following general objections (the "General Objections") to each and every instruction, definition, and Interrogatory.  The General Objections shall be incorporated into each specific responses below.  A specific response may repeat a General Objection for emphasis or some other reason.  The failure to include a General Objection in any specific response does not waive any General Objection to that Interrogatory.

1.      Farrington objects to the instructions, definitions, and Interrogatories to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Should any disclosure by Farrington occur, such disclosure is inadvertent and shall not constitute a waiver of any privilege.

2.      Farrington objects to the instructions, definitions, and Interrogatories to the extent that they are inconsistent with or seek to enlarge, expand, or in any way alter her obligations under the Federal Rules of Civil Procedure, the Local Rules, any other applicable statute, rule, or regulation, any orders issued by the Court in this action, or any agreements among the parties.

2

3.      Farrington objects to the instructions, definitions, and Interrogatories to the extent that they seek to require her to identify or otherwise account for documents not currently in her possession, custody or control, or to identify or describe persons, entities or events not known to her, on the grounds that such instructions, definitions, or requests would subject her to unreasonable and undue burden, expense, annoyance, oppression, or otherwise seek to impose upon her an obligation to investigate or discover information, and the burden of responding to such requests is substantially the same or less for Plaintiffs and Farrington.

4.      Farrington objects to the instructions, definitions, and Interrogatories to the extent they are duplicative of other instructions, definitions, or Interrogatories, or are unnecessarily cumulative.

5.      Farrington objects to the instructions, definitions, and Interrogatories to the extent that they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form.  Farrington hereby denies any disputed or inaccurate facts or legal conclusions that are or may be assumed by the instructions, definitions, and Interrogatories.

6.      Farrington objects to the instructions and definitions as incorporated by reference into the Interrogatories to the extent these instructions or definitions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request on the ground that such enlargement, expansion, or alteration render that request vague, ambiguous, unintelligible, overly broad, or uncertain.

7.      Farrington objects to each definition, instruction, and Interrogatory to the extent that it would seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

3

8.    Farrington objects to each definition, instruction, or Interrogatory as overly broad, unduly burdensome, intended to harass, and not proportional to the needs of the case and the expense of discovery weighed against any likely benefit.

9.    Farrington objects to the extent that any definition, instruction, or Interrogatory is premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

10.    Farrington objects to the definition of "Individual Defendants" insofar as it is used to refer to Farrington and Angel Barraza y del Toro ("Barraza") collectively.   The responses contained herein are on behalf of Farrington alone.

11.    Farrington objects to the definition of "Defendants" insofar as it is used to refer to Farrington and Barraza collectively.

<div align="center"><b><u>RESPONSES TO INTERROGATORIES</u></b></div>

<b><u>INTERROGATORY NO. 1:</u></b>

Identify and explain in detail the facts and circumstances relating to all debits, wire transfers, checks, ACH transactions, or other forms of payment listed in the Medinter and/or Medgraft Defendants' bank records from 2012 to the present, including, but not limited to, the payors and recipients thereof, the complete payment amount, the reasons for any payment, withdrawal or transfer of funds from the Medinter and/or Medgraft Defendants' bank accounts, and the circumstances where no payor or recipient is listed.

**RESPONSE:**

Farrington objects on the basis that this Interrogatory is duplicative, as it seeks information produced previously in this case, as she understands that the following documents have been submitted: unredacted Medinter Ltd. (BVI) bank statements from 2012-May 2022, a list of payments from Medinter Ltd. (BVI) to Wilmax from 2018-2021, and supplier invoices paid from 2013-2021.

Subject to and without waiving the foregoing objection and the General Objections, Farrington states that she does not recall individual payment amounts to which payee specific payments were made, but that in general, payments were made for a variety of different services, such as legal, transportation, subcontractors, sterilization, consulting, and laboratory testing. Farrington further states that (i) monthly retirement payments were made to Barraza's personal bank account at Banco Santander, Spain, (ii) certain payments were made to her personal bank accounts at Deutsche Bank, Spain and Citibank USA, and (iii) occasional drawdowns were taken for legal and other expenses.

**INTERROGATORY NO. 2:**

Identify and explain in detail all payments or other consideration received by the Individual Defendants from the Medinter and Medgraft Defendants, their customers, and/or distributors from 2012 to the present including, but not limited to, the identity of such payors, the reasons for such payments or other consideration, the complete payment amount, and the identity and custodial information of bank accounts, trust accounts, financial institutions, and other locations or recipients of such payments or other consideration.

5

**RESPONSE:**

Farrington states that she received approximately $1,000 (USD) per month from Medinter Ltd. (BVI) for expenses incurred in the United States, which were generally related to transportation, food and lodging, and a stipend for other expenses.  Farrington states that in February/March 2023, larger drawdown payments were received and were used primarily to pay legal fees and for emergency funds due to a family medical emergency.  Payments to Farrington from Medinter Ltd. (BVI) would be received in her personal accounts at Deutsche Bank, Spain and Citibank USA.  Farrington further states that, on occasion, the monthly amount she received from Medinter Ltd. (BVI) may have consisted of several months paid in one drawdown payment if the exchange rates were favorable, but that if that occurred, then drawdown payments would not be received for approximately the same number of months afterwards.

Farrington also states that Angel would receive a $4,000.00 (USD) monthly retirement payment from Medinter Ltd. (BVI) to his personal bank account at Banco Santander, Spain.

**INTERROGATORY NO. 3:**

Identify and explain in detail all Documents, Communications, and Things relating to the Individual Defendants' personal bank records, trust account records, financial records, tax records, communications between the Medinter Defendants, Medgraft Defendants' and Wilmax accountants, and communications between the Individual Defendants' accountants from 2012 to the present.

**RESPONSE:**

Farrington objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and not proportional to the needs of the case. Subject to and without waiving the foregoing objection and the General Objections, Farrington

6

states that her personal bank accounts are through Deutsche Bank, Spain and Citibank USA, and that she alone holds those accounts. Farrington further states that she does not recall an exchange of records.

Farrington is agreeable to meet-and-confer on the appropriate scope of Interrogatory No. 3.

**INTERROGATORY NO. 4:**

Identify and explain in detail all Documents, Communications, and Things exchanged between (a) the Individual Defendants, Medinter and Medgraft Defendants and/or Wilmax and (b) their respective banks, trust accounts or other financial institutions relating to the debits, wire transfers, checks, ACH transactions, or other forms of payments from 2012 to the present, including, but not limited to, the "two-factor authentication" issue (i.e., the removal and subsequent return of funds) referenced by Defendants' counsel during the December 5, 2022 hearing.

**RESPONSE:**

Farrington states that she has not received any payments from Wilmax, Medinter US LLC, Medinter Ltd. (UK) or Medgraft. Farrington further states that Medinter US LLC does not have a bank account, and that Medgraft does not have a bank account.

Farrington states with respect to the "two-factor authentication" issue that, in order to avoid a complete loss of access to Medinter Ltd. (BVI)'s account with Citibank, funds were transferred temporarily from Medinter Ltd. (BVI)'s account to her personal account at Citibank USA. The need for this temporary transfer arose due to an unexpected change by Citibank of its online banking security protocols. Farrington states that she understood Citibank to have needed to send a code by call or text to a United States phone number—and not a Spanish phone number—in

7

order to accomplish two-factor authentication.  Farrington states that, although her US cell phone was with her in Spain, it could not receive calls or texts: First, because the US cell phone never had any cell service in Spain from a Spanish cell service provider either for local or international calling/receiving of calls or receiving/sending text messages; second because the US cell phone was not set up with the US cell service provider to receive or make international calls or texts;  and third, because the screen was cracked and the phone did not turn on or function anymore.  Farrington states that the person who could help her obtain a new US cell phone was away and could therefore not assist her.  Because Farrington understood that failure to satisfy Citibank's "two-factor authentication" protocol would result in the complete loss of online access to Medinter Ltd. (BVI)'s business account, she temporarily transferred the funds out of Medinter Ltd. (BVI) and into her personal account at Citibank USA.  Farrington states that, when the person who could help her obtain a new US cell phone returned,  a new US cell phone was purchased and Farrington successfully had the two-factor authentication bank code provided to her.  Farrington states that the transferring of money back to Medinter Ltd. (BVI) began in June 2022 and is now complete.

Farrington further states that she provided the following documents to former counsel to Medinter and Medgraft documents, but does not know one way or the other as to whether they were produced: The purchase receipt of new US cell phone; message from the Citibank business stating my identity had been verified; and the transfers between her account at Citibank USA and Medinter Ltd. BVI's account.

Farrington also states that, in an effort to submit further proof, she spoke to the Citibank bank branch manager on December 19, 2022 asking if a letter could be provided which indicated that a new bank security protocol had been implemented.  Farrington states that she was informed by that branch manager that the bank would never provide a written letter or any other type of

confirmation.  Farrington states that she then asked the bank manager for her email address, and that, using the provided email address, she sent an email, copying former counsel to Medinter and Medgraft, to the bank manager outlining what they had discussed.  Farrington states that she received a message back stating the email was undeliverable.

**INTERROGATORY NO. 5:**

Identify and explain in detail all Documents, Communications, and Things relating to the Individual Defendants' efforts to sell the Medinter and/or Medgraft Defendants, including, but not limited to, proposals, unexecuted draft agreements, term sheets, valuations, sales projections from 2012 to the present.

**RESPONSE:**

Farrington states that, to the best of her knowledge, she is unaware of any attempts to sell Medinter or Medgraft.  Farrington states that she does know of attempts made by a third party to try and sell the global distribution and manufacturing rights of Derma Veil on behalf of Medinter Ltd. (BVI), that she was informed that those the attempts had failed, and that when the agreement expired, the offer to make any additional attempt was declined.  Farrington further states that this agreement and any renewals that Medinter Ltd. (BVI) entered with a third party to try and sell the global distribution and manufacturing rights of Derma Veil, and any emails pertaining to this topic, were submitted to corporate defendants' counsel.

**INTERROGATORY NO. 6:**

Identify and explain in detail all Documents, Communications, and Things relating to all Entities that the Individual Defendants' have previously served as, or currently serve as, directors, founders, officers, members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such service.

9

**RESPONSE:**

Farrington objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and not proportional to the needs of the case because it seeks information as to "all Documents, Communications, and Things relating to all Entities" in which Farrington "previously served as, or currently serve as, directors, founders, officers, members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such service", whereby "Entities" is defined in the definitions to "include any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit." Farrington further objects to this Interrogatory as overbroad with respect to its temporal scope, requesting information without a start date.

Farrington is agreeable to meet-and-confer on the appropriate scope of Interrogatory No. 6.

**INTERROGATORY NO. 7:**

Identify and explain in detail all Documents, Communications, and Things relating to the Individual Defendants' personal use of the Medinter and/or Medgraft Defendants' respective bank accounts from 2012 to the present, including specific fund transfers in connection with such personal use.

**RESPONSE:**

Farrington objects to the use of the undefined term "personal use" in Interrogatory No. 7 as overly broad and vague.

Farrington is agreeable to meet-and-confer on the appropriate scope of Interrogatory No. 7.

**INTERROGATORY NO. 8:**

Identify and explain in detail all Documents, Communications, and Things relating to making, use, offering for sale, sale, research, development, commercialization, design, testing, characterization, evaluation, formulating, manufacturing, packaging, labeling, supplying, importation, export, distribution, promotion, marketing of the Accused Product in and outside of the United States, including but not limited to:

a) those between and/or among the Individual Defendants, the Individual Defendants and Medinter and Medgraft Defendants, and the Individual Defendants and any Third Party, including, but not limited to Wilmax;

b) any correspondence concerning or documents concerning the Individual Defendants and Medinter and/or Medgraft Defendants discontinuation in making, using, offering for sale, sale of the Accused Product.

**RESPONSE:**

Farrington objects to this Interrogatory on the basis that it is unduly burdensome, overly broad, and not proportionate to the needs of the case.  Subject to and without waiving the foregoing objection or General Objections, Farrington states that the following documents were provided to former counsel to Medinter and Medgraft documents, but does not know one way or the other as to whether they were produced: Batch records for product manufactured at subcontract manufacturer Wilmax, 2018-June 2022; Lot release testing results; Sterilization certificates for product lots; Samples of Packaging – vial label, package insert, 2 vial box; Samples of the Instruction for Use from 2013, 2015, 2016, 2018; Packing slips from 2017- June 2022; Invoices paid from 2013-2021; Product samples, pre-lyophilized, lyophilized and PLA raw

11

material; Human Clinical trial reports conducted in Mexico over 5 years; Animal trial reports;

Invitro testing reports; Distribution and License Agreements;  Medinter Ltd. (BVI) sales

projections from 2016-2022; Stability studies – 24 months; Toxicity studies: acute and subacute

injection test and final reports; Implant studies: subacute subcutaneous implant test: 1 week, 4

weeks, 13 weeks and final reports; and Transit testing report.  Farrington further states that more

documents may have been submitted but she does not recall further specifics.

<div style="text-align:center">

**AS TO OBJECTIONS ONLY:**

**BERGER HARRIS LLP**

</div>

 */s/ John G. Harris*
John G. Harris, Esq. (No. 4017)
Zachary J. Schnapp, Esq. (No. 6914)
1105 N. Market St., 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 655-1140
jharris@bergerharris.com
zschnapp@bergerharris.com

*Attorneys for Defendant*
*Brenda J. Farrington*

Dated: March 30, 2023
Wilmington, Delaware

<div style="text-align:center">

12

</div>

## **VERIFICATION**

I, Dr. Brenda J. Farrington, do hereby verify under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Interrogatory Responses and believe, to the best of my knowledge, information, and belief, that the factual statements set forth therein are true and correct.

_____
Signature

MARCH 30, 2023
_____
Date

# Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GALDERMA LABORATORIES, L.P.<br>and GALDERMA S.A., | )<br>) |
| | ) |
| Plaintiffs, | ) |
| | )      C.A. No. 18-1892-JDW-CJB |
| v. | ) |
| | ) |
| MEDINTER US LLC, MEDINTER LTD.<br>UK, MEDINTER LTD. BVI, MEDGRAFT<br>MICROTECH, INC., ANGEL BARRAZA<br>Y DEL TORO, and BRENDA J.<br>FARRINGTON, | )<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

**DEFENDANT BRENDA J. FARRINGTON'S RESPONSES AND OBJECTIONS**
**TO GALDERMA LABORATORIES, L.P. AND GALDERMA S.A.'S**
**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Defendant Dr. Brenda J. Farrington ("Farrington"), by and through her undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby responds and objects to the following requests for production (each a "Request" and, collectively, the "Requests") issued by Galderma Laboratories, L.P. and Galderma S.A. (together, "Plaintiffs"), as follows:

**PRELIMINARY STATEMENT**

1.      These responses and objections to the following instructions, definitions, and Requests are made without prejudice to and shall not constitute a waiver of Farrington's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Plaintiffs' instructions, definitions, and Requests, Farrington does not waive and hereby expressly reserves the right to assert any and all objections on any and all grounds at trial and at any other proceeding relating to

this litigation including, but not limited to, competency, relevancy, materiality, propriety, admissibility, and privilege, as well as any and all other objections and grounds that require the exclusion of evidence.

3.      Farrington expressly reserves the right to supplement, clarify, revise, amend, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4.      Farrington agrees to meet-and-confer on any disputes pertaining to these objections and responses.

## GENERAL OBJECTIONS

Farrington makes the following general objections (the "General Objections") to each and every instruction, definition, and Request. The General Objections shall be incorporated into each specific responses below. A specific response may repeat a General Objection for emphasis or some other reason. The failure to include a General Objection in any specific response does not waive any General Objection to that Request.

1.      Farrington objects to the instructions, definitions, and Requests to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Should any disclosure by Farrington occur, such disclosure is inadvertent and shall not constitute a waiver of any privilege.

2.      Farrington objects to the instructions, definitions, and Requests to the extent that they are inconsistent with or seek to enlarge, expand, or in any way alter her obligations under the Federal Rules of Civil Procedure, the Local Rules, any other applicable statute, rule, or regulation, any orders issued by the Court in this action, or any agreements among the parties.

3.      Farrington objects to the instructions, definitions, and Requests to the extent that they seek to require her to identify or otherwise account for documents not currently in her possession, custody or control, or to identify or describe persons, entities or events not known to her, on the grounds that such instructions, definitions, or requests would subject her to unreasonable and undue burden, expense, annoyance, oppression, or otherwise seek to impose upon her an obligation to investigate or discover information, and the burden of responding to such requests is substantially the same or less for Plaintiffs and Farrington.

4.      Farrington objects to the instructions, definitions, and Requests to the extent they are duplicative of other instructions, definitions, or Requests, or are unnecessarily cumulative.

5.      Farrington objects to the instructions, definitions, and Requests to the extent that they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form.  Farrington hereby denies any disputed or inaccurate facts or legal conclusions that are or may be assumed by the instructions, definitions, and Requests.

6.      Farrington objects to the instructions and definitions as incorporated by reference into the Requests to the extent these instructions or definitions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request on the ground that such enlargement, expansion, or alteration render that request vague, ambiguous, unintelligible, overly broad, or uncertain.

7.      Farrington objects to each definition, instruction, and Requests to the extent that it would seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

8.      Farrington objects to each definition, instruction, or Requests as overly broad, unduly burdensome, intended to harass, and not proportional to the needs of the case and the expense of discovery weighed against any likely benefit.

9.      Farrington objects to the extent that any definition, instruction, or Requests is premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

10.     Farrington objects to the definition of "Individual Defendants" insofar as it is used to refer to Farrington and Angel Barraza y del Toro ("Barraza") collectively.   The responses contained herein are on behalf of Farrington alone.

11.     Farrington objects to the definition of "Defendants" insofar as it is used to refer to Farrington and Barraza collectively.

<div align="center">

**RESPONSES TO REQUESTS FOR PRODUCTION**

</div>

**REQUEST FOR PRODUCTION NO. 1:**

All Documents, Communications, and Things relating to the facts and circumstances of all debits, wire transfers, checks, ACH transactions, or other forms of payment listed in the Medinter and/or Medgraft Defendants' bank records from 2012 to the present, including, but not limited to, the payors and recipients thereof, the complete payment amount, the reasons for any payment, withdrawal or transfer of funds from the Medinter and/or Medgraft Defendants' bank accounts, and the circumstances where no payor or recipient is listed.

**RESPONSE:**

Subject to and without waiver of the General Objections, Farrington will produce in response to this Request documents in her possession, custody, or control (if any) that are not protected by privilege and/or immunity.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents, Communications, and Things relating to all payments or other consideration received by the Individual Defendants from the Medinter and Medgraft Defendants, their customers, and/or distributors from 2012 to the present including, but not limited to, the identity of such payors, the reason for such payments or other consideration, the complete payment amount, and the identity and custodial information of bank accounts, trust accounts, financial institutions, and other locations or recipients of such payments or other consideration.

**RESPONSE:**

Subject to and without waiver of the General Objections, Farrington will produce in response to this Request documents in her possession, custody, or control (if any) that are not protected by privilege and/or immunity.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents, Communications, and Things relating to the Individual Defendants' personal bank records, trust account records, financial records, tax records, communications between the Medinter Defendants, Medgraft Defendants' and Wilmax accountants, and communications between the Individual Defendants' accountants from 2012 to the present.

**RESPONSE:**

Farrington objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of the case.  Subject to and without waiver of the General Objections, Farrington will produce in response to this Request documents in her possession, custody, or control (if any) that are not protected by privilege and/or immunity.

Farrington is agreeable to meet-and-confer on the appropriate scope Request No. 3.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents, Communications, and Things exchanged between (a) the Individual Defendants, Medinter and Medgraft Defendants and/or Wilmax and (b) their respective banks, trust accounts or other financial institutions relating to the debts, wire transfers, checks, ACH transactions, or other forms of payments from 2012 to the present, including, but not limited to, the "two-factor authentication" issue (i.e., the removal and subsequent return of funds) referenced by Defendants' counsel during the December 5, 2022 hearing.

**RESPONSE:**

Subject to and without waiver of the General Objections, Farrington will produce in response to this Request documents in her possession, custody, or control (if any) that are not protected by privilege and/or immunity.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents, Communications, and Things relating to all Entities that the Individual Defendants' have previously served as, or currently serve as, directors, founders, officers, members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such service.

**RESPONSE:**

Subject to and without waiver of the General Objections, Farrington will produce in response to this Request documents in her possession, custody, or control (if any) that are not protected by privilege and/or immunity.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents, Communications, and Things relating to all Entities that the Individual Defendants' have previously served as, or currently serve as, directors, founders, officers, members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such service.

**RESPONSE:**

Farrington objects to this Request as overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and is not proportional to the needs of the case because it seeks information as to "[a]ll Documents, Communications, and Things relating to all Entities" in which Farrington "previously served as, or currently serve as, directors, founders, officers, members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such service," whereby "Entities" is defined in the definitions to "include any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit." Farrington further objects to this Request as overbroad with respect to its temporal scope.

Farrington is agreeable to meet-and-confer on the appropriate scope Request No. 6.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents, Communications, and Things relating to the Individual Defendants' personal use of the Medinter and/or Medgraft Defendants' respective bank accounts from 2012 to the present, including specific fund transfers in connection with such personal use.

**RESPONSE:**

Farrington objects to the use of the undefined term "personal use" in Request No. 7 as overly broad and vague.  Subject to and without waiver of the General Objections, Farrington will produce in response to this Request documents in her possession, custody, or control (if any) that are not protected by privilege and/or immunity.

Farrington is agreeable to meet-and-confer on the appropriate scope Request No. 7.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents, Communications, and Things relating to making, use, offering for sale, sale, research, development, commercialization, design, testing, characterization, evaluation, formulating, manufacturing, packaging, labeling, supplying, importation, export, distribution, promotion, marketing of the Accused Product in and outside of the United States, including but not limited to:

a) those between and/or among the Individual Defendants, the Individual Defendants and Medinter and Medgraft Defendants, and the Individual Defendants and any Third Party, including, but not limited to Wilmax;

b) any correspondence concerning or documents concerning the Individual Defendants and Medinter and/or Medgraft Defendants discontinuation in making, using, offering for sale, sale of the Accused Product.

**RESPONSE:**

Farrington objects to this Request on the basis that it is unduly burdensome, overly broad, and not proportionate to the needs of the case.  Subject to and without waiver of the General Objections, Farrington will produce in response to this Request documents in her possession, custody, or control (if any) that are not protected by privilege and/or immunity.

**BERGER HARRIS LLP**

*/s/ John G. Harris*
John G. Harris, Esq. (No. 4017)
Zachary J. Schnapp, Esq. (No. 6914)
1105 N. Market St., 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 655-1140
jharris@bergerharris.com
zschnapp@bergerharris.com

*Attorneys for Defendant*
*Brenda J. Farrington*

Dated: March 30, 2023
Wilmington, Delaware

Exhibit F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

GALDERMA LABORATORIES, L.P.              )
and GALDERMA S.A.,                       )
                                         )
        Plaintiffs,              )
                                         )     C.A. No. 18-1892-JDW-CJB
        v.                       )
                                         )
MEDINTER US LLC, MEDINTER LTD.           )
UK, MEDINTER LTD. BVI, MEDGRAFT          )
MICROTECH, INC., ANGEL BARRAZA           )
Y DEL TORO, and BRENDA J.                )
FARRINGTON,                              )
                                         )
        Defendants.              )

**DEFENDANT ANGEL BARRAZA Y DEL TORO'S RESPONSES**
**AND OBJECTIONS TO GALDERMA LABORATORIES, L.P. AND**
**GALDERMA S.A.'S INTERROGATORIES**

Defendant Angel Barraza y del Toro ("Barraza"), by and through his undersigned counsel,

and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby responds and

objects to the following interrogatories (each an "Interrogatory" and, collectively, the

"Interrogatories") issued by Galderma Laboratories, L.P. and Galderma S.A. (together,

"Plaintiffs"), as follows:

**PRELIMINARY STATEMENT**

1.      These responses and objections to the following instructions, definitions, and

Interrogatories are made without prejudice to and shall not constitute a waiver of Barraza's right

to rely on other facts or documents at trial.

2.      By making the accompanying responses and objections to Plaintiffs' instructions,

definitions, and Interrogatories, Barraza does not waive and hereby expressly reserves the right to

assert any and all objections on any and all grounds at trial and at any other proceeding relating to

this litigation including, but not limited to, competency, relevancy, materiality, propriety, admissibility, and privilege, as well as any and all other objections and grounds that require the exclusion of evidence.

3.      Barraza expressly reserves the right to supplement, clarify, revise, amend, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4.      Barraza agrees to meet-and-confer on any disputes pertaining to these objections and responses.

## GENERAL OBJECTIONS

Barraza makes the following general objections (the "General Objections") to each and every instruction, definition, and Interrogatory.  The General Objections shall be incorporated into each specific responses below.  A specific response may repeat a General Objection for emphasis or some other reason.  The failure to include a General Objection in any specific response does not waive any General Objection to that Interrogatory.

1.      Barraza objects to the instructions, definitions, and Interrogatories to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Should any disclosure by Barraza occur, such disclosure is inadvertent and shall not constitute a waiver of any privilege.

2.      Barraza objects to the instructions, definitions, and Interrogatories to the extent that they are inconsistent with or seek to enlarge, expand, or in any way alter his obligations under the Federal Rules of Civil Procedure, the Local Rules, any other applicable statute, rule, or regulation, any orders issued by the Court in this action, or any agreements among the parties.

3.      Barraza objects to the instructions, definitions, and Interrogatories to the extent that they seek to require him to identify or otherwise account for documents not currently in his possession, custody or control, or to identify or describe persons, entities or events not known to him, on the grounds that such instructions, definitions, or requests would subject him to unreasonable and undue burden, expense, annoyance, oppression, or otherwise seek to impose upon him an obligation to investigate or discover information, and the burden of responding to such requests is substantially the same or less for Plaintiffs and Barraza.

4.      Barraza objects to the instructions, definitions, and Interrogatories to the extent they are duplicative of other instructions, definitions, or Interrogatories, or are unnecessarily cumulative.

5.      Barraza objects to the instructions, definitions, and Interrogatories to the extent that they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form.  Barraza hereby denies any disputed or inaccurate facts or legal conclusions that are or may be assumed by the instructions, definitions, and Interrogatories.

6.      Barraza objects to the instructions and definitions as incorporated by reference into the Interrogatories to the extent these instructions or definitions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request on the ground that such enlargement, expansion, or alteration render that request vague, ambiguous, unintelligible, overly broad, or uncertain.

7.      Barraza objects to each definition, instruction, and Interrogatory to the extent that it would seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

3

8.      Barraza objects to each definition, instruction, or Interrogatory as overly broad, unduly burdensome, intended to harass, and not proportional to the needs of the case and the expense of discovery weighed against any likely benefit.

9.      Barraza objects to the extent that any definition, instruction, or Interrogatory is premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

10.      Barraza objects to the definition of "Individual Defendants" insofar as it is used to refer to Barraza and Dr. Brenda J. Farrington ("Farrington") collectively.  The responses contained herein are on behalf of Barraza alone.

11.      Barraza objects to the definition of "Defendants" insofar as it is used to refer to Barraza and Farrington collectively.

<div align="center">

**RESPONSES TO INTERROGATORIES**

</div>

**INTERROGATORY NO. 1:**

Identify and explain in detail the facts and circumstances relating to all debits, wire transfers, checks, ACH transactions, or other forms of payment listed in the Medinter and/or Medgraft Defendants' bank records from 2012 to the present, including, but not limited to, the payors and recipients thereof, the complete payment amount, the reasons for any payment, withdrawal or transfer of funds from the Medinter and/or Medgraft Defendants' bank accounts, and the circumstances where no payor or recipient is listed.

**RESPONSE:**

Barraza states that he lacks knowledge or information responsive to this Interrogatory because, as of 2010, he has not had access to any bank accounts associated with Medinter or Medgraft.

**INTERROGATORY NO. 2:**

Identify and explain in detail all payments or other consideration received by the Individual Defendants from the Medinter and Medgraft Defendants, their customers, and/or distributors from 2012 to the present including, but not limited to, the identity of such payors, the reasons for such payments or other consideration, the complete payment amount, and the identity and custodial information of bank accounts, trust accounts, financial institutions, and other locations or recipients of such payments or other consideration.

**RESPONSE:**

Barraza states that he only receives a $4,000.00 (USD) monthly retirement payment from Medinter Ltd. (BVI) into his personal bank account at Banco Santander, Las Arenas branch, Getxo 48930, Spain, which belongs to him alone.  Barraza further states that he is not aware of any payments of benefits Farrington may have from Medinter Ltd. (BVI), Medinter Ltd. (UK), Medinter US LLC, and Medgraft.

**INTERROGATORY NO. 3:**

Identify and explain in detail all Documents, Communications, and Things relating to the Individual Defendants' personal bank records, trust account records, financial records, tax records, communications between the Medinter Defendants, Medgraft Defendants' and Wilmax accountants, and communications between the Individual Defendants' accountants from 2012 to the present.

5

**RESPONSE:**

Barraza objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and not proportional to the needs of the case.  Subject to and without waiving the foregoing objection and the General Objections, Barraza states that his personal bank account is through Banco Santander, Las Arenas branch, Getxo 48930, Spain. Barraza further states that, as of 2010, he has not had access to any bank accounts associated with Medinter or Medgraft, and that he has never had anything to do with Wilmax.

Barraza is agreeable to meet-and-confer on the appropriate scope of Interrogatory No. 3.

**INTERROGATORY NO. 4:**

Identify and explain in detail all Documents, Communications, and Things exchanged between (a) the Individual Defendants, Medinter and Medgraft Defendants and/or Wilmax and (b) their respective banks, trust accounts or other financial institutions relating to the debits, wire transfers, checks, ACH transactions, or other forms of payments from 2012 to the present, including, but not limited to, the "two-factor authentication" issue (i.e., the removal and subsequent return of funds) referenced by Defendants' counsel during the December 5, 2022 hearing.

**RESPONSE:**

Barraza states that, as of 2010, he has not had access to any bank accounts associated with Medinter or Medgraft, and that he has never had anything to do with Wilmax.  Barraza further states that he only receives a $4,000.00 (USD) monthly retirement payment from Medinter Ltd. (BVI) into his personal bank account at, Banco Santander, Las Arenas branch, Getxo 48930, Spain. which belongs to him alone.

6

Barraza states that, to the extent the "two-factor authentication" issue refers to the time

Farrington had to fix her access to Medinter Ltd. (BVI)'s account, he became aware when he heard

Farrington speaking with someone at Citibank concerning her access to the Medinter Ltd. (BVI)

account.  Barraza further states that Farrington appeared quite upset until she was able to speak

with a bank manager, and that he remembers that she had someone buy a US phone to be able to

obtain codes sent from Citibank, but that Farrington never discussed the issue with him, and that

he never inquired about it from her.

**INTERROGATORY NO. 5:**

Identify and explain in detail all Documents, Communications, and Things relating to the

Individual Defendants' efforts to sell the Medinter and/or Medgraft Defendants, including, but not

limited to, proposals, unexecuted draft agreements, term sheets, valuations, sales projections from

2012 to the present.

**RESPONSE:**

Barraza states none of Mediner Ltd. (BVI), Mediner Ltd. (UK), Medinter US LLC, or

Medgraft have ever been for sale. Barraza further states that Medinter Ltd. (BVI)'s contracts with

DermAvance—Keith Greathouse—were only to promote the overall sale of the exclusive world-

wide rights for the product Derma Veil, including patents, label registries, manufacturing, and

sales, but never to sell Medinter Ltd. (BVI) nor any other company.

**INTERROGATORY NO. 6:**

Identify and explain in detail all Documents, Communications, and Things relating to all

Entities that the Individual Defendants' have previously served as, or currently serve as, directors,

founders, officers, members, shareholders, and/or employees, and the associated title,

compensation, and responsibilities of such service.

7

**RESPONSE:**

Barraza objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and not proportional to the needs of the case because it seeks information as to "all Documents, Communications, and Things relating to all Entities" in which Barraza "previously served as, or currently serve as, directors, founders, officers, members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such service", whereby "Entities" is defined in the definitions to "include any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit." Barraza further objects to this Interrogatory as overbroad with respect to its temporal scope, requesting information without a start date.

Barraza is agreeable to meet-and-confer on the appropriate scope of Interrogatory No. 6.

**INTERROGATORY NO. 7:**

Identify and explain in detail all Documents, Communications, and Things relating to the Individual Defendants' personal use of the Medinter and/or Medgraft Defendants' respective bank accounts from 2012 to the present, including specific fund transfers in connection with such personal use.

**RESPONSE:**

Barraza objects to the use of the undefined term "personal use" in Interrogatory No. 7 as overly broad and vague. Subject to and without waiving the foregoing objection and the General Objections, Barraza states that, as of 2010, he has not had access to any bank accounts associated with Medinter or Medgraft.

Barraza is agreeable to meet-and-confer on the appropriate scope of Interrogatory No. 7.

**INTERROGATORY NO. 8:**

Identify and explain in detail all Documents, Communications, and Things relating to making, use, offering for sale, sale, research, development, commercialization, design, testing, characterization, evaluation, formulating, manufacturing, packaging, labeling, supplying, importation, export, distribution, promotion, marketing of the Accused Product in and outside of the United States, including but not limited to:

a) those between and/or among the Individual Defendants, the Individual Defendants and Medinter and Medgraft Defendants, and the Individual Defendants and any Third Party, including, but not limited to Wilmax;

b) any correspondence concerning or documents concerning the Individual Defendants and Medinter and/or Medgraft Defendants discontinuation in making, using, offering for sale, sale of the Accused Product.

**RESPONSE:**

Barraza objects to this Interrogatory on the basis that it is unduly burdensome, overly broad, and not proportionate to the needs of the case. Subject to and without waiving the foregoing objection or General Objections, Barraza states that he lacks knowledge or information responsive to this Interrogatory because, since 2010, he has not had anything to do with Medinter or Medgraft beyond certain negotiations with a Singapore, a Taiwanese and a Hong Kong company because the executives of those companies refused to deal with women. Barraza further states that he lacks knowledge or information responsive to this Interrogatory because he has never had anything to do with Wilmax.

9

**AS TO OBJECTIONS ONLY:**

**BERGER HARRIS LLP**

 */s/ John G. Harris*
John G. Harris, Esq. (No. 4017)
Zachary J. Schnapp, Esq. (No. 6914)
1105 N. Market St., 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 655-1140
jharris@bergerharris.com
zschnapp@bergerharris.com

*Attorneys for Defendant*
*Angel Barraza y del Toro*

Dated: March 30, 2023
Wilmington, Delaware

## **VERIFICATION**

I, Angel Barraza y del Toro, do hereby verify under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Interrogatory Responses and believe, to the best of my knowledge, information, and belief, that the factual statements set forth therein are true and correct.

_____
Signature

_March 30, 2023_
Date

Exhibit G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GALDERMA LABORATORIES, L.P.<br>and GALDERMA S.A.,<br><br>       Plaintiffs,<br><br>       v.<br><br>MEDINTER US LLC, MEDINTER LTD.<br>UK, MEDINTER LTD. BVI, MEDGRAFT<br>MICROTECH, INC., ANGEL BARRAZA<br>Y DEL TORO, and BRENDA J.<br>FARRINGTON,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 18-1892-JDW-CJB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ANGEL BARRAZA Y DEL TORO'S RESPONSES AND OBJECTIONS**
**TO GALDERMA LABORATORIES, L.P. AND GALDERMA S.A.'S**
**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Defendant Angel Barraza y del Toro ("Barraza"), by and through his undersigned counsel,

and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby responds and

objects to the requests for production issued by Galderma Laboratories, L.P. and Galderma S.A.

(together, "Plaintiffs"), as follows:

**PRELIMINARY STATEMENT**

1.     These responses and objections to the following instructions, definitions, and

Requests are made without prejudice to and shall not constitute a waiver of Barraza's right to rely

on other facts or documents at trial.

2.     By making the accompanying responses and objections to Plaintiffs' instructions,

definitions, and Requests, Barraza does not waive and hereby expressly reserves the right to assert

any and all objections on any and all grounds at trial and at any other proceeding relating to this

litigation including, but not limited to, competency, relevancy, materiality, propriety,

admissibility, and privilege, as well as any and all other objections and grounds that require the exclusion of evidence.

3.      Barraza expressly reserves the right to supplement, clarify, revise, amend, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4.      Barraza agrees to meet-and-confer on any disputes pertaining to these objections and responses.

<div align="center">**GENERAL OBJECTIONS**</div>

Barraza makes the following general objections (the "General Objections") to each and every instruction, definition, and Request.  The General Objections shall be incorporated into each specific responses below.  A specific response may repeat a General Objection for emphasis or some other reason.  The failure to include a General Objection in any specific response does not waive any General Objection to that Request.

1.      Barraza objects to the instructions, definitions, and Requests to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Should any disclosure by Barraza occur, such disclosure is inadvertent and shall not constitute a waiver of any privilege.

2.      Barraza objects to the instructions, definitions, and Requests to the extent that they are inconsistent with or seek to enlarge, expand, or in any way alter his obligations under the Federal Rules of Civil Procedure, the Local Rules, any other applicable statute, rule, or regulation, any orders issued by the Court in this action, or any agreements among the parties.

3.      Barraza objects to the instructions, definitions, and Requests to the extent that they seek to require him to identify or otherwise account for documents not currently in his possession,

custody or control, or to identify or describe persons, entities or events not known to his, on the grounds that such instructions, definitions, or requests would subject him to unreasonable and undue burden, expense, annoyance, oppression, or otherwise seek to impose upon him an obligation to investigate or discover information, and the burden of responding to such requests is substantially the same or less for Plaintiffs and Barraza.

4.     Barraza objects to the instructions, definitions, and Requests to the extent they are duplicative of other instructions, definitions, or Requests, or are unnecessarily cumulative.

5.     Barraza objects to the instructions, definitions, and Requests to the extent that they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form.  Barraza hereby denies any disputed or inaccurate facts or legal conclusions that are or may be assumed by the instructions, definitions, and Requests.

6.     Barraza objects to the instructions and definitions as incorporated by reference into the Requests to the extent these instructions or definitions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request on the ground that such enlargement, expansion, or alteration render that request vague, ambiguous, unintelligible, overly broad, or uncertain.

7.     Barraza objects to each definition, instruction, and Requests to the extent that it would seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

8.     Barraza objects to each definition, instruction, or Requests as overly broad, unduly burdensome, intended to harass, and not proportional to the needs of the case and the expense of discovery weighed against any likely benefit.

9.      Barraza objects to the extent that any definition, instruction, or Requests is premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

10.     Barraza objects to the definition of "Individual Defendants" insofar as it is used to refer to Barraza and Dr. Brenda J. Farrington ("Farrington") collectively.  The responses contained herein are on behalf of Farrington alone.

11.     Barraza objects to the definition of "Defendants" insofar as it is used to refer to Barraza and Farrington collectively.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents, Communications, and Things relating to the facts and circumstances of all debits, wire transfers, checks, ACH transactions, or other forms of payment listed in the Medinter and/or Medgraft Defendants' bank records from 2012 to the present, including, but not limited to, the payors and recipients thereof, the complete payment amount, the reasons for any payment, withdrawal or transfer of funds from the Medinter and/or Medgraft Defendants' bank accounts, and the circumstances where no payor or recipient is listed.

### RESPONSE:

Subject to and without waiver of the General Objections, Barraza will produce in response to this Request documents in his possession, custody, or control (if any) that are not protected by privilege and/or immunity.

4

**REQUEST FOR PRODUCTION NO. 2:**

All Documents, Communications, and Things relating to all payments or other consideration received by the Individual Defendants from the Medinter and Medgraft Defendants, their customers, and/or  distributors from 2012 to the present including, but not limited to, the identity of such payors, the reason for such payments or other consideration, the complete payment amount, and the identity and custodial information of bank accounts, trust accounts, financial institutions, and other locations or recipients of such payments or other consideration.

**RESPONSE:**

Subject to and without waiver of the General Objections, Barraza will produce in response to this Request documents in his possession, custody, or control (if any) that are not protected by privilege and/or immunity.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents, Communications, and Things relating to the Individual Defendants' personal bank records, trust account records, financial records, tax records, communications between the Medinter Defendants, Medgraft Defendants' and Wilmax accountants, and communications between the Individual Defendants' accountants from 2012 to the present.

**RESPONSE:**

Barraza objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of the case.  Subject to and without waiver of the General Objections, Barraza will produce in response to this Request documents in his possession, custody, or control (if any) that are not protected by privilege and/or immunity.  Barraza is agreeable to meet-and-confer on the appropriate scope Request No. 3.

5

**REQUEST FOR PRODUCTION NO. 4:**

All Documents, Communications, and Things exchanged between (a) the Individual Defendants, Medinter and Medgraft Defendants and/or Wilmax and (b) their respective banks, trust accounts or other financial institutions relating to the debts, wire transfers, checks, ACH transactions, or other forms of payments from 2012 to the present, including, but not limited to, the "two-factor authentication" issue (i.e., the removal and subsequent return of funds) referenced by Defendants' counsel during the December 5, 2022 hearing.

**RESPONSE:**

Subject to and without waiver of the General Objections, Barraza will produce in response to this Request documents in his possession, custody, or control (if any) that are not protected by privilege and/or immunity.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents, Communications, and Things relating to all Entities that the Individual Defendants' have previously served as, or currently serve as, directors, founders, officers, members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such service.

**RESPONSE:**

Subject to and without waiver of the General Objections, Barraza will produce in response to this Request documents in his possession, custody, or control (if any) that are not protected by privilege and/or immunity.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents, Communications, and Things relating to all Entities that the Individual Defendants' have previously served as, or currently serve as, directors, founders, officers,

members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such service.

**RESPONSE:**

Barraza objects to this Request as overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and is not proportional to the needs of the case because it seeks information as to "[a]ll Documents, Communications, and Things relating to all Entities" in which Barraza "previously served as, or currently serve as, directors, founders, officers, members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such service," whereby "Entities" is defined in the definitions to "include any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit." Barraza further objects to this Request as overbroad with respect to its temporal scope.

Barraza is agreeable to meet-and-confer on the appropriate scope Request No. 6.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents, Communications, and Things relating to the Individual Defendants' personal use of the Medinter and/or Medgraft Defendants' respective bank accounts from 2012 to the present, including specific fund transfers in connection with such personal use.

**RESPONSE:**

Barraza objects to the use of the undefined term "personal use" in Request No. 7 as overly broad and vague. Subject to and without waiver of the General Objections, Barraza will produce in response to this Request documents in his possession, custody, or control (if any) that are not protected by privilege and/or immunity.

Barraza is agreeable to meet-and-confer on the appropriate scope Request No. 7.

7

**REQUEST FOR PRODUCTION NO. 8:**

All Documents, Communications, and Things relating to making, use, offering for sale, sale, research, development, commercialization, design, testing, characterization, evaluation, formulating, manufacturing, packaging, labeling, supplying, importation, export, distribution, promotion, marketing of the Accused Product in and outside of the United States, including but not limited to:

a) those between and/or among the Individual Defendants, the Individual Defendants and Medinter and Medgraft Defendants, and the Individual Defendants and any Third Party, including, but not limited to Wilmax;

b) any correspondence concerning or documents concerning the Individual Defendants and Medinter and/or Medgraft Defendants discontinuation in making, using, offering for sale, sale of the Accused Product.

**RESPONSE:**

Barraza objects to this Request on the basis that it is unduly burdensome, overly broad, and not proportionate to the needs of the case. Subject to and without waiver of the General Objections, Barraza will produce in response to this Request documents in his possession, custody, or control (if any) that are not protected by privilege and/or immunity.

**BERGER HARRIS LLP**

*/s/ John G. Harris*
John G. Harris, Esq. (No. 4017)
Zachary J. Schnapp, Esq. (No. 6914)
1105 N. Market St., 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 655-1140
jharris@bergerharris.com
zschnapp@bergerharris.com

*Attorneys for Defendant*
*Angel Barraza y del Toro*

Dated: March 30, 2023
Wilmington, Delaware

Exhibit H



Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

April 14, 2023

VIA E-MAIL

**B. Clayton McCraw**
Partner
T: +1 212 506 2649
F: +1 212 849 5601
CMcCraw@mayerbrown.com

John G. Harris
Berger Harris LLP
1105 N. Market St., 11th Floor
Wilmington, Delaware 19801

Re:   Galderma Laboratories, L.P. et al. v. Medinter US LLC et al., No. 1:18-cv-01892 – Angel
Barraza y del Toro's and Brenda J. Farrington's Deficiencies in Discovery Responses

Dear John,

We write regarding deficiencies in Angel Barraza y del Toro's ("Barraza") and Brenda J. Farrington's ("Farrington") (collectively, the "Individual Defendants") Responses and Objections to Galderma Laboratories, L.P.'s and Galderma S.A.'s ("Galderma") Interrogatories (Nos. 1-8, "Interrogatories") and Responses and Objections to Galderma's Requests for Production (Nos. 1-8, "RFPs"). In short, the Individual Defendants failed to provide complete responses to *any* of Galderma's Interrogatories and have yet to produce *any* documents despite indicating they would do so. Please confirm no later than April 18, 2023 that the Individual Defendants will provide complete responses to Interrogatories 1-8 and produce documents no later than April 25, 2023.

## I.   The Individual Defendants' Deficient Interrogatory Responses

The Individual Defendants have failed to provide complete responses to any of Interrogatories 1-8. For numerous Interrogatories, the Individual Defendants improperly indicated that they do not "recall" the information sought or that the information sought is allegedly duplicative of previously produced information (*e.g.,* ROG 1, 3, 5, 8). This approach is improper and Galderma is entitled to fulsome responses to its Interrogatories by the Individual Defendants after they consult information in their possession, custody and control. *Goddard Sys., Inc. v. Gondal*, 2018 WL 5919742, at *1 (D. Del. Nov. 9, 2018) (J. Burke); *see also Essex Builders Grp, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control."). Thus, the Individual Defendants' responses remain deficient for at least the following reasons:

Interrogatory No. 1: Although Farrington identified that (i) monthly retirement payments were made to Barraza's personal bank account, (ii) certain payments were made to her personal bank account, and (iii) occasional drawdowns were taken for legal and other expenses, Farrington fails to identify the recipients of payments, which payments were made to her personal bank account, and the reasons for such payments. To the extent the Individual

John G. Harris
April 14, 2023
Page 2

Defendants believe certain documents provide the information responsive to this Interrogatory, they must provide such information in narrative form. As set forth above, Farrington and Barraza's responses that they do not recall or that the information was previously produced is improper. The Individual Defendants must therefore supplement their responses to provide the requested information.

Interrogatory No. 2: The Individual Defendants have provided only unsubstantiated, high-level generalities for the financial information requested in this Interrogatory. For example, Farrington states that some payments were "generally related to transportation, food and lodging, and a stipend for other expenses" without identifying the specifics of those payments or expenses. Farrington further states that some payments she received "may have consisted of several months paid in one drawdown payment if the exchange rates were favorable," but failed to identify which specific payments she is referring to. Moreover, Farrington's statement that "larger drawdown payments were received and were used primarily to pay legal fees" in February/March 2023 directly contradicts the Individual Defendants' former counsel's reasons for withdrawal (D.I. 382) and representations made to this Court during the February 23, 2023 oral argument (D.I. 394). As such, the Individual Defendants must supplement their responses to provide the requested information.

Interrogatory No. 3: The Individual Defendants failed to provide a complete response to this Interrogatory, which seeks information regarding the Individual Defendants' personal bank records, trust accounts records, financial records, tax records, and communications between the Medinter/Medgraft Defendants, and between their respective accountants. Contrary to the Individual Defendants' objections, information related to the Individual Defendants' personal bank records are directly related to the new allegations in the Fourth Amended Complaint ("FAC", D.I. 353), for example, as related to allegations regarding the Individual Defendants' siphoning of funds. Rather than fully respond to this Interrogatory, the Individual Defendants merely provide where their personal bank accounts are located, and Farrington again states that "she does not recall an exchange of records." The Individual Defendants must supplement their responses to provide the requested information.

Interrogatory No. 4: The Individual Defendants failed to provide a complete response to this Interrogatory. First, while Farrington states that she has not received any payments from Wilmax, Medinter US LLC, Medinter Ltd. UK, or Medgraft, she omits to address payments received from Medinter Ltd. BVI. Barraza's statement that he has "never had anything to do with Wilmax" does not answer the Interrogatory either. Second, Farrington states that she provided documentation to her former counsel, "but does not know one way or the other as to whether they [i.e., documents related to the 'two-factor authentication' issue] were produced." They were not. As such, Galderma requests that the Individual Defendants provide a narrative response on these points, and produce the underlying documentation in their possession, custody and control, commensurate in scope and in detail with Interrogatory No. 4. Third, Farrington failed to identify the amounts and dates of the corresponding transfers. The Individual Defendants must supplement their responses to provide the requested information.

Interrogatory No. 5: As set forth above, Farrington's response to this Interrogatory stating that "she is unaware of any attempts to sell Medinter or Medgraft" is insufficient, and at a minimum fails to account for her attempts to sell their business to Galderma during this litigation. Barraza's response is similarly deficient. Further, to the extent Farrington states that "she does know of attempts made by a third party to try and sell the global distribution and

John G. Harris
April 14, 2023
Page 3

manufacturing rights of Derma Veil on behalf of Medinter Ltd. (BVI)," she must provide the corresponding details.  The Individual Defendants must therefore supplement their responses.

Interrogatory No. 6:  The Individual Defendants failed to respond to this Interrogatory, which seeks information regarding the roles that Farrington and Barraza have "previously served as, or currently serve as, directors, founders, officers, members, shareholders, and/or employees, and the associated title, compensation, and responsibilities of such services." Contrary to the Individual Defendants' objections, their roles and compensation for their services are directly relevant to the new allegations in the FAC, for example regarding allegations that the Individual Defendants are siphoning money out of the Medinter/Medgraft Defendants.  The Individual Defendants must therefore supplement their responses to provide the requested information.

Interrogatory No. 7:  Farrington's only response to this Interrogatory is an objection to the use of the term "personal use."  Barraza similarly objects to the use of the term "personal use" and states that he has "not had access" to any of the Medinter/Medgraft bank accounts, which is not responsive to the Interrogatory.  Contrary to the Individual Defendants' objection, the term "personal use" is neither broad nor vague, and can be readily understood in the context of the issues in the FAC.  The Individual Defendants must supplement their responses to provide the requested information.

Interrogatory No. 8:  Contrary to the Individual Defendants' objections, this Interrogatory is directly relevant to Galderma's claims of direct and indirect infringement. Neither Farrington nor Barraza's responses are actually responsive to the information requested in this Interrogatory.  For example, Farrington's response fails to identify information explaining her role in acts of manufacturing Derma Veil, or communications with third parties relating to acts of inducement.  Likewise, Barraza's response fails to detail his correspondence with third parties and is contradicted by e-mail correspondence produced by the Medinter Entities.  The Individual Defendants must therefore supplement their response to provide the requested information.

## II.    The Individual Defendants' Deficient Document Production

To date, the Individual Defendants have not produced any documents in response to Galderma's RFPs.    Furthermore, the Individual Defendants' commitment to produce documents is also deficient.  For example:

Improper Recitation of General Objections:  The Individual Defendants broadly refer to General Objections in their responses to specific Requests.  Failure to provide specific objections waives any such objections, and otherwise fails to put Galderma on notice of any basis that the Individual Defendants intend to withhold documents.

RFP Nos. 3 and 7:  The Individual Defendants indicated that they will produce documents responsive to RFP Nos. 3 and 7, however, request a meet-and-confer on the appropriate scope.  While Galderma believes there is no basis to limit the scope of the Individual Defendants' document production responsive to these RFPs, as the requests are directly related to allegations of alter ego in the FAC, Galderma is willing to meet and confer.

RFP No. 6:  The Individual Defendants indicated they will not produce documents responsive to this request on the basis that this Request is overly broad and not proportional to

John G. Harris
April 14, 2023
Page 4

the needs of the case.  The Individual Defendants further object to this request as overbroad with respect to its temporal scope.  While Galderma believes there is no basis to limit the scope of the Individual Defendants' document production responsive to this RFP, as the requests are directly related to allegations of alter ego in the FAC, Galderma is willing to meet and confer.

*       *       *       *

The deficiencies outlined above are exemplary and are listed without prejudice to Galderma's right to raise additional issues with the Individual Defendants' compliance with discovery in this action.  Please confirm no later than April 18, 2023 that the Individual Defendants will produce documents responsive to Galderma's RFPs, and serve amended Interrogatory responses to correct the above-mentioned deficiencies, no later than April 25, 2023 as Galderma wishes to expedite resolution of these issues so that we may take the Individual Defendants' respective depositions as soon as possible.  If the Individual Defendants are unwilling to supplement their discovery by this date, kindly provides time on April 18, 2023 that you are available to meet and confer.

Very truly yours,

B. Clayton McCraw
Partner

cc:      Counsel for Defendants

Exhibit I

**Regan, Ryan P**

| | |
|---|---|
| **From:** | Zachary Schnapp <zschnapp@bergerharris.com> |
| **Sent:** | Friday, April 28, 2023 12:23 PM |
| **To:** | McCraw, Clayton; Regan, Ryan P; Jack Harris |
| **Cc:** | Mahoney, Joseph A.; Palmer, Erick J.; Rambarat, Cecilia G.; Flynn, Michael J. |
| **Subject:** | RE: Galderma et al. v. Medinter et al. - Discovery Deficiencies [MB-AME.FID2227559] |

CAUTION: **External Email -** Only click on contents you know are safe.

Hi Clayton,

This email is in follow-up from our meet and confer of April 27, 2023. Individual Defendants will respond to your letter of April 14, 2023 on alleged discovery deficiencies no later than Thursday, May 4, 2023. The response letter will provide (i) to which deficiencies Individual Defendants object and (ii) the efforts that Individual Defendants will be taking generally to determine whether supplementation is necessary. In order to most effectively and expeditiously determine whether and how much any given response requires supplementation (subject to privilege, etc.), we (*i.e.* counsel to Individual Defendants) will need to sign onto the confidentiality agreement and review what has already been produced in this action. In connection with the response letter and our forthcoming signing onto the confidentiality agreement, Individual Defendants will agree to produce documents on a rolling basis. Individual Defendants reserve all rights, waiving none.

Best regards,
Zak



Zachary J. Schnapp
Associate
BERGER//HARRIS LLP
1105 N. Market Street, Suite 1100
Wilmington, DE 19801
302 647 6493 direct
302 655 1140 main
www.bergerharris.com

The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by attorney-client or other applicable privileges, or constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** McCraw, Clayton <CMcCraw@mayerbrown.com>
**Sent:** Monday, April 24, 2023 1:14 PM
**To:** Zachary Schnapp <zschnapp@bergerharris.com>; Regan, Ryan P <RRegan@mayerbrown.com>; Jack Harris <jharris@bergerharris.com>
**Cc:** Mahoney, Joseph A. <jamahoney@mayerbrown.com>; Palmer, Erick J. <EJPalmer@mayerbrown.com>; Rambarat, Cecilia G. <CRambarat@mayerbrown.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Subject:** RE: Galderma et al. v. Medinter et al. - Discovery Deficiencies [MB-AME.FID2227559]

EXTERNAL EMAIL

Zak,

We are surprised by this email, given that the particular date and time came at your suggestion less than one week ago, and expert depositions do not arise overnight. That said, we can be available Thursday prior to 3:00PM ET, so please pick a time in that window and circulate a dial-in.

To be sure, the lack of a trial date has no bearing on our right to timely take discovery, which Judge Burke granted months ago. (*See* Dec. 5, 2022 Hearing; *see also* D.I. 394.) We trust the recent delays from both the Individual and Corporate defendants are not a deliberate pattern, but we will raise this with the Court if it continues.

We look forward to your invite for a Thursday meet and confer, and anticipate that you will come prepared with a date certain that the requested discovery will be produced, or a confirmation that the parties are at an impasse, so that discovery can proceed efficiently and in a timely manner.

Regards,
Clayton

---

**From:** Zachary Schnapp <zschnapp@bergerharris.com>
**Sent:** Monday, April 24, 2023 12:08 PM
**To:** Regan, Ryan P <RRegan@mayerbrown.com>; Jack Harris <jharris@bergerharris.com>
**Cc:** Mahoney, Joseph A. <jamahoney@mayerbrown.com>; Palmer, Erick J. <EJPalmer@mayerbrown.com>; McCraw, Clayton <CMcCraw@mayerbrown.com>; Rambarat, Cecilia G. <CRambarat@mayerbrown.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Subject:** RE: Galderma et al. v. Medinter et al. - Discovery Deficiencies [MB-AME.FID2227559]

**CAUTION: External Email -** Only click on contents you know are safe.

Hi Ryan,

We need to postpone our meet and confer by a few days in light of staffing needs pertaining to expert depositions in a highly expedited case in the Court of Chancery. We are available either **Wednesday, April 26 (3:30pm-6:00pm)** or **Thursday, April 27 (12:30pm-4:30pm).** With no trial date set, we understand that this will not cause any prejudice to Plaintiffs. Thank you for your cooperation.

Best regards,
Zak



Zachary J. Schnapp
Associate
BERGER//HARRIS LLP
1105 N. Market Street, Suite 1100
Wilmington, DE 19801
302 647 6493 direct
302 655 1140 main
www.bergerharris.com

The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by attorney-client or other applicable privileges, or constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Regan, Ryan P <RRegan@mayerbrown.com>
**Sent:** Friday, April 21, 2023 12:04 PM
**To:** Zachary Schnapp <zschnapp@bergerharris.com>; Jack Harris <jharris@bergerharris.com>
**Cc:** Mahoney, Joseph A. <jamahoney@mayerbrown.com>; Palmer, Erick J. <EJPalmer@mayerbrown.com>; McCraw, Clayton <CMcCraw@mayerbrown.com>; Rambarat, Cecilia G. <CRambarat@mayerbrown.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Subject:** RE: Galderma et al. v. Medinter et al. - Discovery Deficiencies [MB-AME.FID2227559]

<div style="background:#f7e98e">EXTERNAL EMAIL</div>

Zak,

We are available Monday, April 24 at 2:30 PM. Please use the dial-in information below:

USA: 888-299-9913

Access Code: 1253307

Best,

Ryan

**Ryan P. Regan**
*Associate*
300 South Tryon Street, Suite 1800
Charlotte, NC 28202
United States of America
T +704 444 3520 | M +1 214 455 4777
rregan@mayerbrown.com
LinkedIn|Twitter
mayerbrown.com

**From:** Zachary Schnapp <zschnapp@bergerharris.com>
**Sent:** Wednesday, April 19, 2023 5:05 PM
**To:** Regan, Ryan P <RRegan@mayerbrown.com>; Jack Harris <jharris@bergerharris.com>
**Cc:** Mahoney, Joseph A. <jamahoney@mayerbrown.com>; Palmer, Erick J. <EJPalmer@mayerbrown.com>; McCraw, Clayton <CMcCraw@mayerbrown.com>; Rambarat, Cecilia G. <CRambarat@mayerbrown.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Subject:** RE: Galderma et al. v. Medinter et al. - Discovery Deficiencies [MB-AME.FID2227559]

<div style="background:#fff7a8">**CAUTION: External Email -** Only click on contents you know are safe.</div>

Ryan,

We can be available Monday, April 24, 2023 at 2:30pm.  Please circulate a dial-in.  Thanks very much.

Best regards,
Zak



Zachary J. Schnapp
Associate
**BERGER//HARRIS LLP**
1105 N. Market Street, Suite 1100
Wilmington, DE 19801
302 647 6493 direct
302 655 1140 main
www.bergerharris.com

The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by attorney-client or other applicable privileges, or constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Regan, Ryan P <RRegan@mayerbrown.com>
**Sent:** Wednesday, April 19, 2023 12:04 PM
**To:** Zachary Schnapp <zschnapp@bergerharris.com>; Jack Harris <jharris@bergerharris.com>
**Cc:** Mahoney, Joseph A. <jamahoney@mayerbrown.com>; Palmer, Erick J. <EJPalmer@mayerbrown.com>; McCraw, Clayton <CMcCraw@mayerbrown.com>; Rambarat, Cecilia G. <CRambarat@mayerbrown.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Subject:** RE: Galderma et al. v. Medinter et al. - Discovery Deficiencies [MB-AME.FID2227559]

EXTERNAL EMAIL

Zak,

We are available either on Monday, April 24 (any time after 1 pm) or on Tuesday, April 25 (any time). Please let us know what time works for you on those days and we will provide a dial-in.

Thanks,

Ryan

**Ryan P. Regan**
*Associate*
300 South Tryon Street, Suite 1800
Charlotte, NC 28202
United States of America
T +704 444 3520 | M +1 214 455 4777
rregan@mayerbrown.com
LinkedIn|Twitter
mayerbrown.com

**From:** Zachary Schnapp <zschnapp@bergerharris.com>
**Sent:** Tuesday, April 18, 2023 11:38 AM
**To:** Regan, Ryan P <RRegan@mayerbrown.com>; Jack Harris <jharris@bergerharris.com>
**Cc:** Mahoney, Joseph A. <jamahoney@mayerbrown.com>; Palmer, Erick J. <EJPalmer@mayerbrown.com>; McCraw, Clayton <CMcCraw@mayerbrown.com>; Rambarat, Cecilia G. <CRambarat@mayerbrown.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Subject:** RE: Galderma et al. v. Medinter et al. - Discovery Deficiencies [MB-AME.FID2227559]

**CAUTION: External Email -** Only click on contents you know are safe.

Ryan,

We are in receipt of your letter from the afternoon of Friday, April 14, 2023. Individual Defendants are presently preparing their reply briefs in further support of their motions to dismiss, which are due to the Court tomorrow, April 19, 2023.

We are available to meet and confer on Thursday, April 20, 2023 at any time after 12:30pm or on Friday, April 21, 2023 from 10:30am to 2:30pm. Please let us know what day/time works for you and provide a dial-in. Thank you.

Best regards,
Zak



Zachary J. Schnapp
Associate
BERGER//HARRIS LLP
1105 N. Market Street, Suite 1100
Wilmington, DE 19801
302 647 6493 direct
302 655 1140 main
www.bergerharris.com

The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by attorney-client or other applicable privileges, or constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Regan, Ryan P <RRegan@mayerbrown.com>
**Sent:** Tuesday, April 18, 2023 11:33 AM
**To:** Jack Harris <jharris@bergerharris.com>; Zachary Schnapp <zschnapp@bergerharris.com>
**Cc:** Mahoney, Joseph A. <jamahoney@mayerbrown.com>; Palmer, Erick J. <EJPalmer@mayerbrown.com>; McCraw, Clayton <CMcCraw@mayerbrown.com>; Rambarat, Cecilia G. <CRambarat@mayerbrown.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Subject:** RE: Galderma et al. v. Medinter et al. - Discovery Deficiencies [MB-AME.FID2227559]

EXTERNAL EMAIL

Counsel,

Following up on my previous email, please confirm whether the Individual Defendants will remedy their discovery deficiencies by April 25, 2023, otherwise, please let us know times tomorrow that you are available for a meet and confer (preferably after 11 AM ET).

Best,

Ryan

**Ryan P. Regan**
*Associate*
300 South Tryon Street, Suite 1800
Charlotte, NC 28202

United States of America
T +704 444 3520 | M +1 214 455 4777
rregan@mayerbrown.com
LinkedIn|Twitter
mayerbrown.com

---

**From:** Regan, Ryan P <RRegan@mayerbrown.com>
**Sent:** Friday, April 14, 2023 12:38 PM
**To:** Jack Harris <jharris@bergerharris.com>; Zachary Schnapp <zschnapp@bergerharris.com>
**Cc:** Mahoney, Joseph A. <jamahoney@mayerbrown.com>; Palmer, Erick J. <EJPalmer@mayerbrown.com>; McCraw, Clayton <CMcCraw@mayerbrown.com>; Rambarat, Cecilia G. <CRambarat@mayerbrown.com>; Flynn, Michael J. <mflynn@morrisnichols.com>
**Subject:** Galderma et al. v. Medinter et al. - Discovery Deficiencies [MB-AME.FID2227559]

Counsel,

As outlined in the attached letter, we write regarding deficiencies in Angel Barraza y del Toro's and Brenda J. Farrington's (the "Individual Defendants") Responses and Objections to Galderma's Interrogatories (Nos. 1-8) and Requests for Production (Nos. 1-8).

If the Individual Defendants are unwilling to supplement their discovery by <u>April 25, 2023</u>, please provide times on <u>April 18, 2023</u> that you are available to meet and confer.

Best,

Ryan

**Ryan P. Regan**
*Associate*
300 South Tryon Street, Suite 1800
Charlotte, NC 28202
United States of America
T +704 444 3520 | M +1 214 455 4777
rregan@mayerbrown.com
LinkedIn|Twitter
mayerbrown.com

---

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.

Exhibit J



Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

April 28, 2023

VIA E-MAIL

**B. Clayton McCraw**
Partner
T: +1 212 506 2649
F: +1 212 849 5601
CMcCraw@mayerbrown.com

John G. Harris
Berger Harris LLP
1105 N. Market St., 11th Floor
Wilmington, Delaware 19801

Re:    Galderma Laboratories, L.P. et al. v. Medinter US LLC et al., No. 1:18-cv-01892 – Angel
Barraza y del Toro's and Brenda J. Farrington's Deficiencies in Discovery Responses

Dear Jack,

We are following up on open issues after yesterday's meet and confer, which includes
(i) the Corporate Defendants' failure to retain counsel, (ii) the case schedule for the Individual
Defendants through trial, (iii) the case Protective Order, and (iv) continued deficiencies in your
clients' discovery responses.  As explained herein, Farrington and Barraza should provide
amended responses, including their initial document production, no later than May 4, 2023—
the date Berger Harris has promised to respond.

**Corporate Defendants' Failure to Retain Counsel**:  The Corporate Defendants failed
to retain counsel by the court-ordered deadline of April 26, 2023—a date that had already been
extended by 30 days.  Plaintiffs have moved for entry of default (D.I. 422), which the Court
indicated it will grant on May 4, 2023 unless new counsel appears (D.I. 423).  As confirmed
during our meet and confer, you are not aware of any intention by the Corporate Defendants to
retain counsel.   Accordingly, this case will proceed against the Individual Defendants.

**Case Schedule for the Individual Defendants**:  Given that the Individual Defendants'
Motions to Dismiss failed to seek dismissal of their personal liability for patent infringement,
this case necessarily will move forward to summary judgment and trial on the Individual
Defendants' patent infringement with Berger Harris as counsel.  This is true regardless of the
outcome of any Rule 12 challenges to Plaintiffs' alter ego allegations.  It therefore is imperative
that the parties enter a case schedule to avoid further delay of this case, which has been pending
since 2018.  We propose the following case schedule:

| Event | Proposed Date |
|---|---|
| Rule 26(a)(1) Initial Disclosures | May 5, 2023 |
| Document Production Substantially Complete | June 5, 2023 |

753084688

1

John G. Harris
April 28, 2023
Page 2

| Event | Proposed Date |
|---|---|
| Discovery Cut Off | July 14, 2023 |
| Meet and Confer to Discuss whether Additional Expert Reports and/or Depositions are Needed | July 19, 2023 |
| Opening Briefs in Support of Case Dispositive Motions | August 16, 2023 |
| Pretrial Conference | TBD |
| Trial | TBD |

Please review this proposed schedule and let us know no later than Wednesday, May 3, 2023 if we can enter a stipulated case schedule or if the Individual Defendants have any proposed amendments to the schedule.

**Case Protective Order**:  We were shocked and disappointed to learn during the meet and confer that one of the many reasons the Individual Defendants' discovery responses remain woefully deficient is because Berger Harris views itself as unable to review AEO case documents under the Protective Order, yet made no effort to obtain Protective Order access in the three months it has been counsel in this case.  As an initial matter, Farrington and Barraza are free to provide Berger Harris with any of their companies' documents that they choose, as they are the principals—the Protective Order is only necessary for Berger Harris to review *Galderma's* documents.  More importantly, any AEO document production by the Corporate Defendants does not substitute written responses to interrogatories issued to Farrington and Barraza, who have unique information responsive to those requests, such as their personal bank accounts and associated transactions.  Nor does it substitute Berger Harris' obligations to undertake an inquiry into facts in the Individual Defendants' possession, custody and control responsive to these requests.  Accordingly, access to documents under the Protective Order provides no excuse for the ongoing deficiencies in Farrington and Barraza's discovery responses.  Combined with other issues, we are concerned that the Individual Defendants and Berger Harris are intentionally delaying discovery in this matter.  Nonetheless, we have filed a stipulation today that adds Berger Harris and the Individual Defendants to the Protective Order.

**Remaining Discovery Deficiencies**:  As discussed during our meet and confer, Farrington and Barraza's Interrogatory responses are rife with high-level generalities that do not answer the questions asked, and demonstrate that the Individual Defendants did not take necessary steps to review documents in their possession, custody and control in order to ascertain the requested information.  Likewise, Berger Harris confirmed that no steps had been taken to obtain basic documents responsive to the requests, such as Individual Defendants' personal bank records.  We are concerned that Berger Harris made little to no effort to advance discovery or seek the necessary information from Farrington or Barraza.  "[C]ounsel has an affirmative duty to assure that their client responds completely and promptly to discovery requests."  *Branhaven LLC v. Beeftek, Inc.*, 288 FRD 386 (D. Md. 2013) (granting discovery sanctions).  As evidenced during our meet and confer, "[defendants'] counsel had done little,

John G. Harris
April 28, 2023
Page 3

or nothing, in terms of a reasonable inquiry and indeed had no knowledge of the number and identity of responsive documents." *Id.* at 389.

**Interrogatory and RFP No. 6 Temporal Limitation**: These discovery requests seek information regarding entities with whom Farrington and Barraza have had affiliations. As discussed during the meet and confer, Plaintiffs are willing to limit these requests temporally from <u>Jan. 1, 2000 to the present</u>, which coincides with the initial timing of Barraza's roles making and distributing dermal filler products. On that basis, please proceed to provide responsive information and documents to these requests.

*           *           *           *

We trust that going forward, including in the May 4, 2023 response that Berger Harris promised via e-mail today, counsel will ensure timely, thorough, and fulsome discovery responses from its clients. Since we have now provided clarification on many issues during the meet and confer that were not otherwise the subject of objection, we expect that Farrington and Barraza should be in a position to provide amended discovery responses on May 4, 2023 when Berger Harris responds. Given the repeated delays throughout this case, Plaintiffs will have no choice but to seek court intervention if discovery is not meaningfully advanced in a timely manner.

Very truly yours,

B. Clayton McCraw
Partner

cc:     Counsel for Defendants

Exhibit K



**BERGER/**
**/HARRIS**

JOHN G. HARRIS, ESQUIRE
E-mail: jharris@bergerharris.com

May 4, 2023

VIA E-MAIL
B. Clayton McCraw
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001

  **Re:**   **Galderma Laboratories, L.P. et al. v. Medinter US LLC, et al.,**
      **C.A. No. 18-1892 (CFC)(CJB)**

Dear Mr. McCraw:

  On behalf of Dr. Brenda J. Farrington and Mr. Angel Barraza y del Toro (together, "Individual Defendants"), this responds to your letters of April 14 and 28, 2023, and follows our meet-and-confer on April 27, 2023, regarding perceived deficiencies with Individual Defendants' discovery responses served on March 30, 2023.

  Without waiver of their record objections, and in a good faith effort to avoid motion practice, Individual Defendants are working on obtaining the requested statements from the Spanish banks where the accounts are maintained. Once we receive the statements, Mr. Schnapp and I will promptly review them to determine the extent to which (if at all) supplementation is appropriate, and thereafter promptly produce whatever supplemental discovery may be yielded by our review.

  Plaintiffs' proposed case schedule is unacceptable. This case was pending for years before Individual Defendants were joined; no discovery cutoff date is in place; no trial dates are calendared; the Individual Defendants' respective motions to dismiss await decision; and the Patents-In-Suit are expired.

  We flatly deny Plaintiffs' contention that the Individual Defendants are guilty of dilatory discovery tactics.

            Very Truly Yours,

            John G. Harris

cc: Michael J. Flynn, Esq.
  Zachary J. Schnapp, Esq.

1105 N. Market Street · Suite 1100
Wilmington, Delaware 19801
302 655 1140
www.bergerharris.com

Exhibit L

**Regan, Ryan P**

| | |
|---|---|
| **From:** | Zachary Schnapp <zschnapp@bergerharris.com> |
| **Sent:** | Wednesday, May 17, 2023 12:02 PM |
| **To:** | Flynn, Michael J.; Blumenfeld, Jack |
| **Cc:** | McCraw, Clayton; Rambarat, Cecilia G.; Palmer, Erick J.; Mahoney, Joseph A.; Regan, Ryan P; Jack Harris; Marsha De Freitas |
| **Subject:** | Galderma Laboratories, L.P. et al v. Medinter US LLC et al [1:18-cv-01892-JDW-CJB] -- Individual Defendants' First Production |
| **Attachments:** | FARRINGTON_BARRAZA-000001-000126.zip |

**CAUTION: External Email -** Only click on contents you know are safe.

Counsel:

Please find attached Zip file including Individual Defendants' first production set of documents, which contains the following BATES range: FARRINGTON_BARRAZA-000001-000126.  These documents are designated as CONFIDENTIAL.  Individual Defendants' production will continue on a rolling basis and in accordance with our letter of May 4, 2023.  Individual Defendants reserve all rights, waiving none.

Best regards,
Zak



Zachary J. Schnapp
Associate
**BERGER//HARRIS LLP**
1105 N. Market Street, Suite 1100
Wilmington, DE 19801
302 647 6493 direct
302 655 1140 main
www.bergerharris.com

The preceding e-mail message (including any attachments) contains information that may be confidential, be protected by attorney-client or other applicable privileges, or constitute non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

Exhibit M

1

                        IN THE UNITED STATES DISTRICT COURT

2
                        IN AND FOR THE DISTRICT OF DELAWARE

3

4  GALDERMA LABORATORIES, L.P.              )
   and GALDERMA S.A.,                       )
5                    Plaintiffs,            )
   v.                                       )   C.A. No. 18-1892
6                                           )   (JDW)(CJB)
   MEDINTER US LLC, MEDINTER LTD. BVI,      )
7  MEDINTER LTD. UK, MEDGRAFT              )
   MICROTECH, INC., ANGEL BARRAZA Y        )
8  DEL TORO, and BRENDA J. FARRINGTON,
                     Defendants.

9

10                          - - - -

11                        Wilmington, Delaware
                         Thursday, February 23, 2023
12                       *Motion Transcript*

13                          - - - -

14

15   BEFORE:   HONORABLE CHRISTOPHER J. BURKE
               UNITED STATES DISTRICT MAGISTRATE COURT JUDGE
16

17                          - - - -

18

19

20

21

22

23

24

25
                                    Michele L. Rolfe, RPR, CRR

1

**APPEARANCES:**

2

3

        **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

4        **BY:  MICHAEL J. FLYNN, ESQ.**
                **-and-**

5        **MAYER BROWN**
        **BY: JOSEPH A. MAHONEY, ESQ.**

6           **RYAN P. REGAN, ESQ.**
           **CECILIA G. RAMBARAT, ESQ.**

7

              **For the Plaintiff**

8

9          **WILSON SONSINI GOODRICH & ROSATI, P.C.**
          **BY: IAN R. LISTON, ESQ.**

10           **JORDAN R. JAFFE, ESQ.**

11           **For Corporate Defendant**

12       **BERGER HARRIS**
        **BY: JOHN HARRIS, ESQ.**

13          **ZACHARY SCHNAPP, ESQ.**

14           **For Individual Defendants**

15

16

17

18

19

20

21

22

23

24

25

1  defendants' counsel and plaintiff's counsel to further

2  meet-and-confer to see if they can agree on an appropriate

3  date.  I'd ask them to advise the Court in a timely fashion

4  whether they have agreed; and if so, what the date is.  Or

5  if they haven't agreed, if there's a decision the Court

6  needs to make.  I hope that there won't be.  And also so

7  that the plaintiffs can propound written discovery on the

8  individual defendants so that process gets started.

9          I won't yet order that some formal case schedule

10  for the reminder of the case be entered into beyond that for

11  now; partly because we do need to see whether corporate

12  defendants will have counsel enter an appearance in these

13  next 30 days or not.  In this what seems like unlikely, but

14  a possible chance that they did then, of course, we would

15  have to have a discussion with all parties and their counsel

16  as to what the contours of a remaining schedule looks like.

17          If no counsel enters an appearance in those

18  30 days, then the idea would be that if the two parties who

19  are likely moving forward with the plaintiffs and individual

20  defendants would likely to agree on a formal remaining

21  schedule with dates in it as to how it would get to at least

22  the summary judgment phase of the case and what additional

23  work would be done.

24          So in some way I'll try to put this all together

25  in a written order that will -- I'll try to get out before